## SLIGO FURNACE COMPANY, Appellant, v. ELPHA L. MILLER et al.

### Division One, March 14, 1922.

**TAX SUIT:** Non-residents: Publication: Record Recitals: Presumptions. In a collector's suit for taxes the petition contained no allegation of non-residence of defendants. It was signed by the collector and his attorney and their signatures were followed by a jurat signed by the Clerk of the Circuit Court. The service was by publication and the record set out in full the order of publication which recited the appearance of plaintiff collector "and files his petition and affidavit, setting forth among other things that the defendants are non-residents of the State of Missouri and cannot be summoned in this action by the ordinary process of law; it is therefore ordered," etc. that publication be made. The order itself and the publication were sufficient. The court took jurisdiction and rendered judgment under which the land was sold to plaintiff in this suit to determine title. *Held*, that the filing of a proper affidavit would be presumed and that the production of the verified petition and the failure to find an affidavit among the files of the court did not overcome the recital and the presumption.

Appeal from Iron Circuit Court.—*Hon E. M. Dearing,* Judge.

REVERSED AND REMANDED *(with directions).*

*Edgar & Edgar* and *Watts, Gentry & Lee* for appellant.

(1) The sheriff's tax deed was regular and conveyed to plaintiff's grantor all right, title and interest of Elpha L. Miller in and to the southeast quarter of Section 20, Township 34 north, Range 1 west. (2) The court acquired jurisdiction of the tax proceeding and of the defendant, although there is no allegation of non-residence in the original tax petition, because the court record affirmatively shows that an affidavit of non-residence was filed and an order of publication made on said affidavit. Adams v. Cowles, 95 Mo. 501. (3) The record showing that an affidavit was filed, it cannot be overthrown by negative testimony, merely because the original affidavit is not now in the files in the tax proceeding. Adams v. Cowles, 95 Mo. 501; Tooker v. Leake, 146 Mo. 435.

*Arthur T. Brewster* and *Sam M. Brewster* for respondent.

(1) The sheriff's tax deed under which plaintiff claims is void for the reason that the tax suit petition and affidavit filed, nowhere allege the defendant to be a non-resident of the State upon which to base the order of publication. Sec. 575, R. S. 1899; Schell v. Leland, 45 Mo. 289; Tooker v. Leake, 146 Mo. 433; Blank v. Windsor, 187 Mo. 108; Parker v. Burton, 172 Mo. 85; Stanton v. Thompson, 234 Mo. 7; Chilton v. Tam, 235 Mo. 498; Lovell v. Homes, 219 S. W. 941; State ex rel. v. Horine, 63 Mo. App. 1. (2) The court passed upon a square issue of fact as to the existence of a second affidavit and this finding of fact will not be disturbed on appeal. Chilton v. Nickey, 261 Mo. 243. (3) Where both the petition and affidavit vary from the order of publication based on them, the order of publication must yield and fail by reason of their insufficiency. Milner v. Shipley, 94 Mo. 109; Stewart v. Allison, 150 Mo. 346; Kunzie v. Hick-

man, 243 Mo. 118; Norton v. Reed, 253 Mo. 236. (4) The action being one *in invitum*, the law which prescribes the proceedings leading to jurisdiction must be strictly pursued and strictly construed. Harness v. Cravens, 126 Mo. 233; Shuck v. Moore, 232 Mo. 649; Kunzie v. Hickman, 243 Mo. 103; Stanton v. Thompson, 234 Mo. 11; Ohlman v. Saw Mill Co., 222 Mo. 62; Turner v. Gregory, 151 Mo. 103; Chilton v. Tam, 235 Mo. 498; Lovell v. Homes, 219 S. W. 939.

JAMES T. BLAIR, J.—This suit was brought to ascertain, determine and quiet title to the west half of the Northeast Quarter and the Southeast Quarter of Section 20, Township 34, Range 1, in Iron County. From an adverse judgment the Furnace Company appeals.

Sam M. Brewster answered and claimed title to the west half of the northeast quarter. After the case developed it was stipulated that the trial court should, as to that tract, render judgment according to Brewster's claim. The cause proceeded with respect to the other tract upon an issue made by the answer of Elpha L. Miller. The other parties defendant made default.

Miller owned the land prior to 1899. In that year a suit for taxes on the tract in question was begun, went to judgment, and a sale was had. It is conceded that appellant holds whatever title passed by this sale. In the tax suit service was had by publication. Whether this service was good is the single question in the case. The record of the circuit court in the tax suit sets out in full the order authorizing notice by publication. In this entry appears the following: "Now at this day comes the plaintiff, W. T. O'Neal, Collector of the Revenue of Iron County, Missouri, and files his petition and affidavit, setting forth, among other things, that the defendants are non-residents of the State of Missouri, and cannot be summoned in this action by the ordinary process of law; it is therefore ordered," etc., that publication be made. The usual recitals as to the contents of the notice then

*Tax Suit: Publication: Presumption.*

follow. No criticism of the order of publication or objection to the sufficiency of the publication itself appears in the brief. Respondent Miller offered the petition in the tax suit. It contains no allegation of non-residence. This petition is signed by the collector and his attorney, and these signatures are followed by this: "Subscribed and sworn to before me this 7th day of August, 1899." This is signed by the clerk of the circuit court.

There is no denial that under the statute in force in 1899 and now (Sec. 575, R. S. 1899; Sec. 1196, R. S. 1919), jurisdiction could have been given to order notice by publication in the tax suit either (1) by an allegation of non-residence in the petition, or (2) by filing in the case an affidavit containing an allegation of non-residence. [Tooker v. Leake, 146 Mo. 1. c. 433.] The order as made and as shown by the record recites that the collector filed his petition *and* affidavit setting forth the non-residence of the defendants in the tax suit. Respondent contends that the jurat of the clerk appended to the petition either is the affidavit or proves that the verified petition is the affidavit referred to in the order; and, therefore, since no allegation of non-residence appears in either, there was no jurisdiction to make the order. There can be no doubt that the petition and the jurat did not authorize an order of publication. Neither can there be any doubt that the clerk made such an order, either with or without authority, nor that the court took jurisdiction of the parties defendant and rendered a proper judgment, nor that the record recites that an affidavit was filed which contained an allegation of non-residence. In such circumstances, the filing of a proper affidavit would be presumed in the absence of a showing to the contrary. [Adams v. Cowles, 95 Mo. 1. c. 509.] There is in this case an express recital that an affidavit was filed and that it contained the jurisdictional recital. In such case there can be no legitimate inference from the presence of a mere jurat at the end of the petition that that was not done which the record recites was done and which the court must have held was done before it could

take or exercise jurisdiction as it did. The failure to find the affidavit among the files did not overcome the recital and the presumption. [Adams v. Cowles, supra.]

The judgment is reversed and the cause remanded with directions to enter judgment in accordance with the views herein expressed. All concur.