Gladys J. Benson SMITH,
Plaintiff-Appellant,

v.

Harry L. BENSON and Fern H. Benson,
Defendants-Respondents,

Florence S. O'Brien, guardian of the person and Estate of Russell H. Baker, an incompetent, Intervenor-Respondent.

No. 27762.

Missouri Court of Appeals,
Kansas City District.

Oct. 12, 1976.

Hilary A. Bush, James L. Burgess, Johnson, Lucas, Bush & Snapp, Kansas City, for plaintiff-appellant.

Douglas H. Delsemme, Knipmeyer, McCann, Fish & Smith, Kansas City, for intervenor-respondent.

Before SHANGLER, P. J., and SWOFFORD and SOMERVILLE, JJ.

SOMERVILLE, Judge.

On April 7, 1938, when appellant (plaintiff below) was approximately five years of age, a decree of adoption was entered by the Juvenile Division of the Circuit Court of Jackson County, Missouri, declaring appellant to be, "for all legal intents and purposes", the "child of Harry L. Benson."

Appellant's adoption was a not uncommon sequel to the following events. Fern H. Baker (now Fern H. Benson) and Wesley A. Baker, the natural parents of appellant, were divorced in 1934 and Fern H. Baker

was awarded custody of appellant. After her divorce, Fern H. Baker married Harry L. Benson. Following their marriage, Harry L. Benson filed a petition seeking to adopt appellant which culminated in the decree of adoption heretofore mentioned.

Wesley A. Baker, appellant's natural father, died in 1942. In 1973 appellant learned that if she had not been adopted by Harry L. Benson, she would be entitled to a distributive share of the Estate of Gladys Brunk, deceased, a sister of her natural father, who died intestate. Possessed of this knowledge, appellant, approximately thirty-five years after the decree of adoption was entered, filed an action in the Circuit Court of Jackson County, Missouri, to have the decree of adoption set aside. Appellant then proceeded to file objections in the Probate Court of Vernon County, Missouri, to the final settlement proposed by the Administrator of the Estate of Gladys Brunk, deceased. A ruling on the objections which appellant filed in the Probate Court of Vernon County is apparently being held in abeyance until final disposition of the action filed by appellant in the Circuit Court of Jackson County, Missouri, to have the decree of adoption set aside. The latter is the subject of this appeal.

Florence S. O'Brien, Guardian of the Person and Estate of Russell H. Baker, an Incompetent, intervened in the action brought by appellant to set aside the decree of adoption. Russell H. Baker is a half brother of Gladys Brunk, deceased, and apparently her sole heir at law if the adoption of appellant by Harry L. Benson is not set aside as prayed for by appellant.

The trial court upheld the decree of adoption and rendered and entered the following judgment: "WHEREFORE, IT IS BY THE COURT CONSIDERED, ORDERED AND ADJUDGED that Plaintiff's Petition to Set Aside Decree of Adoption be and the same is in all things denied, and it is further ordered that costs be assessed against the Plaintiff, for all of which let execution issue."

Appellant entreats this court to reverse "outright the judgment of the trial court" and to direct the trial court "to enter a judgment declaring the adoption decree to be void and of no force and effect." According to appellant, such relief, and its far-reaching implications, is justified because the decree of adoption was void ab initio and subject to collateral attack since the record in the adoption proceeding, viewed in its entirety, discloses on its face that the court which entered the decree of adoption lacked jurisdiction to do so.

Appellant attempts to flesh out her claim of want of jurisdiction by a series of arguments. Before meeting them, a proem of certain basic principles which appellant relies upon is in order. As stated in 2 C.J.S., Adoption of Persons, § 77, p. 507, "[t]he filing of a proper petition is ordinarily a prerequisite to the court's jurisdiction, and it must state facts sufficient to give the court jurisdiction." See also: *State v. Schilb,* 285 S.W. 748 (Mo.App.1926); and *State v. Carroll,* 343 S.W.2d 622, 629 (Mo. App.1961). The validity of a decree of adoption must be determined by the law as it existed at the time the decree of adoption was entered. *Robertson v. Cornett,* 359 Mo. 1156, 225 S.W.2d 780 (1949). The prevailing law when the decree of adoption in question was entered is found in Sections 14073 to 14081, RSMo 1929.

The main focal point of appellant's argument is the petition for adoption. She claims the petition was improper because it failed to plead all statutorily required matters, hence it was insufficient to invoke the jurisdiction of the court at the very outset of the adoption proceeding. The matters required to be pleaded at the time are found in Section 14077, RSMo 1929:

"The petition shall state the name, sex and age of the child sought to be adopted, and if it is desired to change the name, the new name, and the name and residence of the parents of the child, if known to the petitioner, and facts setting forth petitioner's ability to properly care for, maintain and educate said child. The court shall appoint a guardian *ad litem* to represent the child in said proceeding."

Superimposition of Section 14077, supra, upon the adoption petition completely refutes appellant's argument that the petition for adoption failed to plead all statutorily required matters. Without exception, matters alleged in the adoption petition conformed in every respect with the matters set forth in Section 14077, supra. Suffice it to say, the petition for adoption, from a pleading standpoint, invoked the jurisdiction of the court.

Section 14077, supra, notwithstanding, appellant contends that the petition for adoption was fatally defective in view of Section 14074, RSMo 1929, which reads as follows:

"The court shall not decree the adoption, except as hereinafter provided, unless in cases where the child or person to be adopted is of the age of 12 years or over and consents in writing to the adoption; and in cases where the child or person to be adopted is under the age of 21 years, the parents or surviving parent and guardian of the child, if any, consent in writing, to the adoption; and the approval of the court shall be requisite in all cases, such approval being given or withheld as the welfare of the child or person sought to be adopted may, in the opinion of the court, demand. The consent of a parent of the child shall not be required if such person is insane, or is imprisoned under a sentence which will not expire until two years after the date of the filing of the petition; or if he or she has willfully abandoned the child or neglected to provide proper care and maintenance for the two years last preceding such date."

To buttress her position, appellant contends the adoption petition "conclusively" showed on its face that she was under twenty-one years of age at the time, that Wesley A. Baker, her natural father, was living at the time and his consent in writing to the adoption had not been filed in court, and no facts were pleaded which would permit the court to entertain the adoption proceeding absent his written consent being filed in court. She supplements this by arguing that in order to invoke the jurisdiction of the court, it was mandatory that the petition for adoption plead facts in accordance with Section 14074, supra, which would supplant the requirement that the written consent of her natural father be obtained and filed in court. This argument completely ignores Section 14076, RSMo 1929, which reads as follows:

"If the written consent herein required is not filed in court, the court shall order notice, by personal service on the parties of the writ of summons and a copy of the petition, or if any such party cannot be found within this state, by a publication according to sections 739 and 747, R.S. 1929. *If, after such notice, a person whose consent is required does not appear, the court may act upon the petition without his consent and the judgment of the court shall be binding upon all persons so served*: Provided, any such person shall have the right to appeal from such judgment, in the manner and form provided for appeals in the code of civil procedure." (Emphasis added.)

The emphasized portion of Section 14076, supra, is clear and precise and does not have to be construed in order to be applied. As stated in *Rochford v. Bailey*, 322 Mo. 1155, 17 S.W.2d 941, 944 (banc 1929), with reference to Section 1098, RSMo 1919, the identical forerunner of Section 14076, RSMo 1929, albeit dictum, "[i]f it [the written consent of a living parent] is not put in writing and filed in court, they must be notified in the manner prescribed; if after such notice they do not appear, their consent will be conclusively presumed." It is patently obvious that the quoted statement was rooted in the following language common to both Section 1098, RSMo 1919 and Section 14076, RSMo 1929: "If, after such notice, a person whose consent is required does not appear, the court may act upon the petition without his consent and the judgment of the court shall be binding upon all persons so served." Written consent to the adoption was obtained from appellant's mother and filed in court. Service of notice was obtained upon Wesley A. Baker, the natural father of appellant, by publication, and he did not ap-

pear in person, by counsel, or by pleading in said adoption proceeding.

In view of Section 14076, supra, there is no merit to appellant's contention that the court in the adoption proceeding lacked jurisdiction to entertain the petition and enter the decree of adoption because the petition for adoption failed to plead and the court failed to find the existence of one or more of the several exceptions spelled out in Section 14074, supra, which would have obviated written consent by appellant's natural father. Sections 14074 and 14076, supra, are in pari materia and must be read together. After doing so, it is quite clear that proper service of notice upon a nonconsenting parent in an adoption proceeding under the then existing law, and his failure to thereafter appear, excused the necessity of obtaining and filing his written consent just as effectively as alleging and proving one or more of the exceptions spelled out in Section 14074, supra. The unequivocal language of Section 14076, supra, supports no other conclusion.

■ Appellant levels one complaint at the service obtained upon Wesley A. Baker, namely, no "separate Application for an Order of Publication was filed and the court apparently entered its Order of Publication based upon the allegation set out in the verified petition." The petition for adoption, which was verified under oath, specifically alleged that Wesley A. Baker "cannot be found in the State of Missouri". The record discloses that the order for service by publication was made by the court after hearing evidence and finding that the said Wesley A. Baker, "cannot be found in the State of Missouri". Section 739, RMSo 1929, referred to in Section 14076, supra, specifically provided that an order of publication could be predicated upon a proper allegation in a petition or by way of a separate affidavit. See also the following cases, dealing with substantially similar or identical statutory provisions, as authority for the proposition that the order of publication did not have to be supported by a separate affidavit as contended by appellant. *Elting v. Gould,* 96 Mo. 535, 9 S.W.

922 (1888); *Warren v. Manwaring,* 173 Mo. 21, 73 S.W. 447 (1903); *Cole v. Parker-Washington Co.,* 276 Mo. 220, 207 S.W. 749 (banc 1918); and *Sligo Furnace Co. v. Miller,* 292 Mo. 517, 239 S.W. 80 (1922). Appellant does not question the sufficiency of the allegation itself, that Wesley A. Baker "cannot be found in the State of Missouri", to support the order of publication. Parenthetically, *Rochford v. Bailey,* supra, authoritatively upholds the sufficiency of the allegation to do so.

Appellant assails the adoption decree itself as being fatally defective for not containing "necessary findings of fact". Section 14078, RSMo 1929, mandated the contents of adoption decrees at the time in question, and it reads as follows:

"If the court, after due hearing, is satisfied that the person or persons petitioning to adopt such child is of good character, and of sufficient ability to properly care for, maintain and educate said child, and that the welfare of said child would be promoted by sustaining the petition for adoption, and that it is fit and proper that such adoption should be made, a decree shall be made setting forth the facts and ordering that from the date of the decree the child shall, to all legal intents and purposes, be the child of the petitioner or petitioners, and the court may decree that the name of the child be changed, according to the prayer of the petition."

Section 14078, supra, used as a transparent overlay upon the adoption decree in question, completely cripples any contention on appellant's part that the decree of adoption omitted "necessary findings of fact."

■ Appellant's final attack upon the decree of adoption is posited on certain oral testimony which she introduced to cast doubt or suspicion upon certain findings of fact contained in the decree of adoption. The instant case was tried to the court and evidence in the nature of that just mentioned was received by the court at various times over the objection of the intervenor. The trial court advised the parties that such evidence, subject to the intervenor's objec-

tions, would be received and the objections would be ruled on when the court rendered its decision. The judgment rendered and entered by the trial court leaves no doubt that it did not consider the controversial evidence, and appellant says that it erred in not doing so. Appellant is wrong. The ultimate exclusion of such evidence by the trial court is supported by a plethora of authority. A general statement of the applicable law is found in 46 Am.Jr.2d, Judgments, § 663, p. 819: "Indeed, the general rule is that a collateral attack may not be made upon a judgment where the absence of jurisdiction does not appear upon the record. Under this rule, the validity of a judgment when collaterally attacked must be tried by an inspection of the record alone, and no other or further evidence on the subject is admissible, even though such evidence might be sufficient to impeach the judgment in a direct proceeding against it." For Missouri cases of like accord see: *Collier v. Catherine Lead Co.,* 208 Mo. 246, 106 S.W. 971, 979 (1907); *Sisk v. Wilkinson,* 305 Mo. 328, 265 S.W. 536, 538 (banc 1924); and *La Presto v. La Presto,* 285 S.W.2d 568, 570 (Mo.1955).

Judgment affirmed.

All concur.