v.

**BABY GIRL S., D.O.B. 1–23–79, a minor, by Daniel W. Deiter, Guardian Ad Litem, Appellants-Respondents.**

**No. 42406.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 30, 1980.

Daniel W. Deiter, McQuie & Deiter, Montgomery City, for appellants-respondents.

James G. Gregory, A. James Snider, Gregory & Snider, Montgomery City, for respondents-petitioner.

SNYDER, Judge.

Baby Girl by her guardian ad litem, appeals from a decree which ordered her adoption by respondents. The appeal concerns the rights of an unknown father to a baby illegitimately born. Specifically, the dispute raises the question whether an adoption proceeding is valid when the parental rights of the unknown father have not been terminated by a court, and when the unknown father received no notice of the proceeding in which the mother's rights were terminated. This court finds that the adoption proceeding was valid and affirms the trial court's judgment.

Baby Girl was born on January 23, 1979. The mother was unmarried and the identity of the natural father unknown. Almost immediately after the birth the mother consented to the transfer of custody of the child to the Missouri Division of Family Services. The Division then placed Baby Girl with respondents.

On March 14, 1979 the circuit court of Marion County terminated the parental rights of the natural mother, made a finding that the natural father was unknown, and placed the child in the custody of the Missouri Division of Family Services for placement in an approved adoptive home. Eight months later the circuit court of Montgomery County, after a trial, decreed the adoption of Baby Girl by J. B. B. and B. L. B. The order contained a finding that the circuit court of Marion County had terminated the parental rights of the natural mother and had found that the natural father was unknown. Therefore, the trial court found written consent to the adoption by the natural parents was not required. It is only the scope of the father's interests that counsel, as guardian ad litem for the child, seeks to resolve in this appeal.

■ The court is initially confronted with a broad constitutional challenge of the adoption decree on due process and equal protection grounds, first raised in appellant's motion for a new trial. Appellant asserts that an adoption decree granted under § 453.030,[1] RSMo 1978[2] is violative of an unknown father's due process rights where the exception to the requisite parental consent for adoption (§ 453.040) is predicated upon a termination of the father's parental rights at a hearing of which he had no notice. § 211.447. (The father's rights in fact were not terminated. The court made a finding only that he was unknown). Counsel goes further to allege that an equal protection violation arises where, due to lack of notice, unwed, unknown fathers are denied the same opportunity to protect their parental rights as is

1. Section 453.030:
"Court approval necessary—consent of child and parents necessary, when.—1. In all cases the approval of the court of the adoption shall be required and such approval shall be given or withheld as the welfare of the person sought to be adopted may, in the opinion of the court, demand.
2. In all cases where the person sought to be adopted is fourteen years of age or older, his written consent to the adoption shall be required, except where the court finds that such child has not sufficient mental capacity to give the same.
3. With the exceptions specifically enumerated in section 453.040, when the person sought to be adopted is under the age of twenty-one years, the written consent of the parents, or

surviving parent, of such person, or of the mother alone of such person if such person was born out of wedlock, to the adoption shall be required and filed in and made a part of the files and record of the proceeding. Such written consent may be executed prior to or subsequent to the institution of the adoption proceedings, and shall be acknowledged as conveyances of real estate are required to be acknowledged under the laws of this state, or in lieu of such acknowledgment, the signature of the person giving such written consent shall be witnessed by the signatures of at least two adult persons whose addresses shall be plainly written thereon."

2. All statutory references are to RSMo 1978 unless otherwise indicated.

afforded married parents and unwed mothers.[3] § 211.442.

■ Appellant belatedly raised the question of the unknown father's constitutional rights in his motion for a new trial; he made no constitutional objections at trial, either in his pleadings or orally. He failed to satisfy the rule that all constitutional claims must be raised at the earliest opportunity in the proceedings. *City of St. Louis v. Butler Co.*, 358 Mo. 1221, 219 S.W.2d 372, 376[5, 6] (banc 1949). This rule, which rests on the belief that maximum input should be obtained from the trial court, has been strictly construed and followed. *J. A. A. v. A. D. A.*, 581 S.W.2d 889, 899[22] (Mo.App. 1979); *Oliver v. City of Higginsville*, 527 S.W.2d 690, 694[2, 3, 4] (Mo.App.1975); *Williams v. Williams*, 498 S.W.2d 585, 588[4–6] (Mo.App.1973). Appellant's constitutional claims have not been preserved for review.

Appellant also charges the adoption proceeding below failed to comply with the statutes. Counsel's argument may be confined to the meaning of § 211.442, § 211.447 and § 211.457 which deal with the procedures for terminating the rights of a parent[4] and § 453.040[5] of the adoption statute.

3. Although under present law there can be no doubt that the father of an illegitimate child has some interests at stake when he is faced with a termination of his parental rights, *Stanley v. Illinois*, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972); *State ex rel. J. D. S. v. Edwards*, 574 S.W.2d 405 (Mo.banc 1978), these interests may not be measured inflexibly *without the best interests of the child being the* touchstone of the inquiry. *Caban v. Mohammed*, 441 U.S. 380, 99 S.Ct. 1760, 1768, 60 L.Ed.2d 297 (1979); *Quilloin v. Walcott*, 434 U.S. 246, 98 S.Ct. 549, 54 L.Ed.2d 511 (1978).

4. Section 211.442:
"Parent defined.—As used in sections 211.442 *to 211.492 'parent' means a biological parent or parents of a child, as well as the husband of a natural mother at the time the child was conceived, or a parent or parents of child by adoption, and includes both the mother and putative father of an illegitimate child. The father of an illegitimate child shall have no legal relationship unless he, prior to the entry of a decree under sections 211.442 to 211.492 has acknowledged the child as his own by affirmatively asserting his paternity; provided,* however, that a parent whose identity is known and who can be personally served shall be served by process as provided in chapter 506, RSMo, and made a party to any action under sections 211.442 to 211.492. [Emphasis added]."
Section 211.447.2 (in relevant part):
"The juvenile court may, upon a petition filed by the juvenile officer, terminate the rights of parent to a child if it finds that such termination is in the best interest of the child and one or more of the following conditions are found to exist:
(1) When the parent has consented in writing to the termination of his parental rights;
(2) When it appears by clear, cogent and convincing evidence that one or more of the following conditions exist:
(a) The parent has abandoned the child. The court may find that the parent has abandoned the child if, for a period of six months or longer for a child over one year old or a period of sixty days or longer for a child under one year of age at the time of the filing of the petition, either of the following has occurred:
a. The parent has left the child under such circumstances that the identity of the parent of the child was unknown and could not be ascertained, despite diligent searching, and the parent has not come forward to claim the child; . . . ."
Section 211.457.1:
"Hearing required—parties to be summoned— waiver.—1. Termination of parental rights shall be made only after a hearing before the juvenile court. A summons may be issued by the judge or clerk of the court requiring the person, agency or organization having custody or control of the child to appear with the child at the place and time stated in the summons. Persons who shall be summoned and receive a copy of the petition shall include the parent of the child, the guardian of the person of the child and the person, agency or organization having custody of the child. A summons shall be issued requiring the appearance of any other person whose presence the court deems necessary."

5. Section 453.040 lists the exceptions to the requirement of parental consent to adoption in a proceeding brought under § 453.030. There is no allegation that the unidentified father in question has given his consent to the adoption, or has been adjudged incompetent, waived his consent, or abandoned or neglected the child for one year. The only point at issue is whether it is necessary to terminate the rights of an unknown father in accordance with § 453.-040(2); whether, in fact, an unknown father is a "parent" for purposes of § 453.040(2).
Section 453.040:
"Consent of parents shall not be required, when.—The consent of the adoption of a child is not required of
(1) A parent who has been adjudged to be incompetent;

Respondent cites the opinion of *State ex rel. T. A. B. v. Corrigan*, 600 S.W.2d 87 (Mo.App.1980) as dispositive of the issues raised in the case under review. This court agrees.

In *T. A. B.* an unmarried young mother executed a consent to termination of her parental rights. A petition was then filed to terminate those rights in accordance with the provisions of §§ 211.442–492 and 453.030. The trial court ordered the mother to reveal the father's name. The trial judge asked for the father's name so he could be summoned properly and given notice of the hearing. The mother, although admitting she knew the father's identity, refused to reveal his name. The court, in response, found the mother in contempt and ordered her incarcerated until she disclosed the name. The controversy was presented to this court in the form of a writ of prohibition.

This court issued the writ, and, in its opinion making the writ absolute, interpreted §§ 211.442 and 211.447 to determine whether a putative father who had not affirmatively asserted his paternity was entitled to notice of a termination hearing. The issue arose since if there was no right of notice under the statutes it would not be necessary for the trial court to know the father's name.

In *T. A. B., supra*, this court concluded that a putative father who had not affirmatively asserted his paternity could not be deemed a "parent" as defined by § 211.442.[6] Only a "parent" is entitled to notice under § 211.447. Therefore, the father in *T. A. B.*, who was not a "parent" because he had not affirmatively asserted his paternity, had no right to notice. Thus the trial court had no duty to ascertain the identity of the father and therefore should be prohibited from jailing the mother for contempt for refusing to disclose the father's name.

■ The decision in *T. A. B. v. Corrigan, supra*, is controlling. The only finding of fact regarding the father by the trial court below was that he was unknown. There is nothing in the record to show that he has taken any affirmative steps to assert his paternity. It follows that the unknown father here was not a "parent" under the statute and was not entitled to notice.

Appellant relies most heavily on *State ex rel. J. D. S. v. Edwards*, 574 S.W.2d 405 (Mo.banc 1978) which is not apposite. In the law at that time there was no provision similar to that in § 211.442 mandating that "[t]he father of an illegitimate child shall have no legal relationship unless he, prior to the entry of a decree under §§ 211.442 to 211.492 has acknowledged the child as his own by affirmatively asserting his paternity...." Furthermore the putative father in *State ex rel. J. D. S. v. Edwards* was known and had repeatedly demanded custody of the child. The case does not support appellant's position and the point raised is ruled against him.

The judgment is affirmed.

CRIST, P. J., and REINHARD, J., concur.

---

(2) A parent whose rights with reference to the child have been terminated pursuant to law;
(3) A parent of a child or the mother of a child born out of wedlock who has waived the necessity of his or her consent to a future adoption of the child;
(4) A parent who has for a period of at least one year immediately prior to the filing of the petition for adoption, either willfully abandoned the child or willfully neglected to provide him with proper care and maintenance."

6. "There was no evidence here that this putative father had 'acknowledged the child as his own by affirmatively asserting his paternity.' Relator testified that the putative father did not know of the birth of Baby Girl B. Therefore, based on the particular facts and evidence in this case, we find he is not a parent within the statutes governing termination of parental rights. [Footnote omitted.]" *State ex rel. T. A. B. v. Corrigan*, 600 S.W.2d 87, 92[4] (Mo.App. 1980).