STATE of Missouri ex rel. D.F.A. and I.A., Relators,

v.

The Honorable William M. CORRIGAN, Judge of the Juvenile Court of St. Louis County, Div. 7, Respondent.

No. 43574.

Missouri Court of Appeals, Eastern District, Division Three.

June 2, 1981.

Bradford L. Stevens, Chused, Strauss, Chorlins, Goldfarb, Bini & Kohn, St. Louis, for relators.

Allan F. Stewart, Braun, Newman, Stewart & Appleton, Clayton, for respondent.

SNYDER, Judge.

Relators[1] sought a writ of mandamus to force the respondent judge of the St. Louis

---

1. This case arose prior to January 1, 1981. Under Rule 94.02 effective January 1, 1981, parties in mandamus actions are referred to as plaintiffs and defendants.

County Juvenile Court to grant a motion for a trial setting in an adoption case. Respondent had denied the motion because there had been no notice to the biological father of the child. The child's mother was unmarried and the identity of the father unknown to the court. This court issued its alternative writ which is now made peremptory.

■ An unknown father who has not affirmatively asserted his paternity has no legal relationship to the child. § 211.442, RSMo 1978. *J.B.B. v. Baby Girl S.*, 611 S.W.2d 359, 362[3] (Mo.App. 1980); *State ex rel. T.A.B. v. Corrigan*, 600 S.W.2d 87, 91[2] (Mo.App. 1980). He is therefore not entitled to notice of an adoption proceeding. *J.B.B. v. Baby Girl S., supra.*

■ Although respondent discusses "due process" and "equal protection" considerations generally in his brief, he has not cited a specific constitutional provision in support of his arguments, nor was the constitutional issue raised in the trial court. Therefore, it is not preserved for review on appeal. *City of St. Louis v. Butler Co.*, 358 Mo. 1221, 219 S.W.2d 372, 380[9] (banc 1949).

This opinion is based upon application of the statute as interpreted in J.B.B., *supra*, and T.A.B., *supra*; the constitutionality of the statutory procedure need not be addressed.

An extended opinion would have no precedential value.

The writ is made peremptory in compliance with Rule 84.16(b).

CRIST, P. J., and REINHARD, J., concur.