In the Interest of M.J.S., Male Minor, Respondent,

v.

K.E.S., Appellant.

No. WD 38166.

Missouri Court of Appeals, Western District.

Feb. 10, 1987.

Roger P. Krumm, Fulton, for appellant.

Ronald J. Prenger, Jefferson City, for Mother.

Robert L. Hawkins, Jefferson City, for Guardian ad Litem.

Before PRITCHARD, P.J., and KENNEDY and LOWENSTEIN, JJ.

PER CURIAM:

Kenneth S. appeals from an order of the Circuit Court of Cole County, Juvenile Division, which awarded custody of his minor son to the child's maternal grandparents and also placed certain restrictions upon his right to visit the child.

We reverse the judgment.

Michele and Kenneth S. were divorced in 1979. At that time, custody of the couple's minor child, Michael, was awarded to Michele. Prior to filing of the petition in this case, Kenneth's visitation rights comprised two weekends per month plus a six-week period during the summer.

The events which precipitated the instant proceeding occurred in 1984 during Michael's six-week stay with his father. Justin S., whom Kenneth had married following his divorce from Michael's mother, informed the Missouri Division of Family Services (DFS) on July 9, 1984, that Michael had exhibited behavior and made certain statements which suggested that his natural mother, Michele, had sexually abused him.

In investigating this report, DFS representatives spoke with Michael regarding the suspected abuse. As a result of these discussions, the Chief Deputy Juvenile Officer of Cole County filed a petition alleging that Michael "comes within the purview of Section 211.031(2)(d), RSMo, for the reason that the behavior or associations of the child are otherwise injurious to his welfare. Specifically, the child alleges that his natural mother has fondled and sodomized him for the past three years." The petition continued that it would be in Michael's best interest to be placed in the temporary custody of his father. Thereafter, the juvenile court did enter an order granting temporary custody to Kenneth.

Asserting that Michael's truthfulness regarding the allegations of sexual abuse was severely affected by his residing with Kenneth and Justin, Michele moved the court to transfer custody to an environment "sufficiently independent to avert any influence [upon Michael] of the parties directly concerned . . ." with his custody. An order was entered placing Michael with a foster family selected by the DFS. This family subsequently relocated, and Michael was placed in the foster care of his maternal grandparents pending the outcome of a hearing on the juvenile petition.

The juvenile court determined at the hearing that Michele had not sexually abused her son. The Court then went on to say that Michele was unable at that time to provide proper care and support for Michael, presumably as a result of the emotional strain brought on by the proceedings against her. Custody with the maternal grandparents was continued until such time as Michele could resume the full care and custody of her son. While Michele was granted "full and free visitation" with Michael subject to the discretion of her parents, Kenneth's visitation rights were restricted to weekly supervised contacts at the Juvenile Attention Center, the time and duration of which would be dictated by the county juvenile officer. The juvenile court also ordered that Justin not see Michael unless the boy's father was present.

Kenneth raises three points on appeal: 1) That the juvenile court did not have jurisdiction to enter the order complained of after finding that the allegations of the petition were untrue; 2) that Kenneth was denied parental rights without due process of law because the petition did not afford adequate notice that his rights might be curtailed by the juvenile court's order; 3) that the juvenile court erred in ordering him to pay for Michael's continuing treatment and counseling.

Because we find that the juvenile officer's petition did not afford Kenneth adequate notice that his parental rights were in jeopardy, it is unnecessary for us to address the remaining assignments of error.

█ It is fundamental that restrictions upon parental rights must be in accordance

with due process of law. *State v. Couch,* 294 S.W.2d 636, 640 (Mo.App.1956); *Ruffalo v. Civiletti,* 539 F.Supp. 949, 952 (W.D. Mo.1982), *aff'd,* 702 F.2d 710 (8th Cir.1983). *See also In Interest of W.F.J.,* 648 S.W.2d 210, 214 (Mo.App.1983). The first requirement of due process is that one be given sufficient notice that his or her rights are to be challenged in the courts. *Myers v. Moreno,* 564 S.W.2d 83, 86 (Mo.App.1978); *In Interest of D.L.D.,* 701 S.W.2d 152, 158–59 (Mo.App.1985). *See also In re S.M.W.,* 485 S.W.2d 158, 163 (Mo.App.1972). Furthermore, it is the office of the petition to provide such notice, so that one whose rights are challenged may know what is relied upon as a cause of action in order that he may be prepared at trial to meet the issues raised by the petition. *Kagan v. St. Louis Public Service Co.,* 360 S.W.2d 261, 268 (Mo.App.1962); *Zeppenfeld v. Morgan,* 185 S.W.2d 898, 901 (Mo.App. 1945).

■ It is clear that the petition lodged against Michele, alleging that she had sexually abused her son Michael and recommending that Michael be placed in the temporary custody of Kenneth, afforded Kenneth no notice that *his* parental rights might be curtailed by the juvenile court.

Both the juvenile officer and Michael's guardian ad litem concede that the petition contained no allegations sufficient to put Kenneth on notice that his parental rights might be in jeopardy. They argue, however, that Michele's motion to transfer custody of Michael away from his father to a neutral environment, as well as Kenneth's substantial involvement in the investigation of the allegations of sexual abuse, put him on notice that he and Justin were suspected of urging Michael to fabricate the instances of abuse. This argument is without merit. In informing the adverse party what factual allegations are relied upon as a cause of action, the petition necessarily limits the issues which can serve as the basis for judgment. *Hesse v. Wagner,* 475 S.W.2d 55, 61 (Mo.1971); *DeMott v. Great American Insurance Co. of New York,* 234 Mo.App. 31, 131 S.W.2d 64, 67 (1939).

Although the parties have directed our attention to a number of Missouri cases in support of their respective positions on the issue of adequate notice, most of this authority misses the mark. Generally speaking, the cited cases deal with the question of whether a petition which is framed in the language of the statute defining juvenile court jurisdiction, or which is otherwise vague, pleads allegations of fact with sufficient particularity to confer jurisdiction upon the juvenile court. That is not the issue here. There is no question that the petition in the instant case alleged sexual abuse of Michael by his natural mother with sufficient particularity to give the juvenile court jurisdiction to curtail the mother's parental rights. The petition did not, however, contain any allegations against Kenneth as would provide him with the adequate notice required by due process of law.

■ We are reminded by Michael's guardian ad litem and by the juvenile officer that the court in a juvenile matter is to be guided by the principle that what is in the best interests of the child is controlling. Judicial adherence to this principle has always been tempered, however, when its unbridled observance would result in disregarding parental rights to due process of law. *See Flickinger v. Flickinger,* 494 S.W.2d 388, 391 (Mo.App.1973); *G. v. Souder,* 305 S.W.2d 883, 887 (Mo.App.1957).

The judgment is reversed. The juvenile court's finding that the only fact alleged in the petition as a basis for its assumption of jurisdiction of the child was unsupported by evidence, required a dismissal of the petition. Of course, a new petition may be filed if present circumstances indicate the existence of statutory grounds for the assumption of jurisdiction by the juvenile court.