In the Interest of Ashley LOVEHEART, a minor, Respondent,

Francella LOVEHEART, her natural mother, Appellant,

v.

Wilbert LONG, Chief Juvenile Officer, 22nd Judicial Circuit, Respondent.

No. 70154.

Supreme Court of Missouri, En Banc.

Dec. 13, 1988.

John Bird, St. Louis, for appellant.

Lance C. Bretsnyder, Lisa A. Herder (Guardian ad litem), St. Louis, for respondents.

GARY M. GAERTNER, Special Judge.

This is an appeal challenging the constitutionality of § 211.453.3, RSMo 1986. The trial court terminated the parental rights of appellant as to Ashley Loveheart, appellant's biological daughter; in doing so, the trial court, pursuant to § 211.453.3, waived the necessity of service of process on appellant. Appellant alleges § 211.453.3 deprives her of due process of law. This Court has exclusive jurisdiction of the cause pursuant to *Mo. Const. art. V, § 3*, because it involves the validity of a statute of this state.

*Section 211.453* is contained within the statutory provisions dealing with the termination of parental rights. The section provides:

*211.453.* Service of summons, how made —when required—waived of summons or expenses.

—1. Service of summons shall be made as in other civil cases in the manner prescribed in *section 506.150, RSMo.* However, if service cannot be made as prescribed in *section 506.150, RSMo,* and it is not waived, then the service shall be made by mail or publication as provided in *section 506.160, RSMo.*

2. Persons who shall be summoned and receive a copy of the petition shall include:

(1) The parent of the child, including a putative father who has acknowledged the child as his own by affirmatively asserting his paternity;

(2) The guardian of the person of the child;

(3) The person, agency or organization having custody of the child;

(4) The foster parent, relative or other person with whom the child has been placed; and

(5) Any other person whose presence the court deems necessary.

3. *The court shall not require service in the case of a parent whose identity is* *unknown and cannot be ascertained, or cannot be located.*

4. Any person required to receive summons may waive appearance or service of summons. (Emphasis added.)

Ashley Loveheart (hereinafter referred to as Child) was born on December 31, 1985, when appellant was fifteen years old and a resident of Marygrove Children's Home. On April 14, 1986, Child was adjudicated a ward of the juvenile court on the basis of appellant's minority, appellant's placement at Marygrove Children's Home and appellant's inability to provide for Child. Child's custody was transferred to the Missouri Division of Family Services, which then placed her in foster care where she remains.

A petition to terminate appellant's parental rights based on abandonment was filed on June 22, 1987. However, appellant never received notice of the petition to terminate her parental rights, either in person or by publication. As to effectuating personal service of process, an investigator for the juvenile court did conduct a very extensive search for appellant. This investigation failed to discover any traces of appellant after June 5, 1987. On June 5, 1987, appellant left the house of an alleged relative in whose care she had been placed while the Division of Family Services sought to obtain another placement for her. Appellant's attorney and *guardian ad litem,* who has filed appellant's brief before this Court, stated at the termination of parental rights proceeding that he had not been able to locate appellant. On November 3, 1987, the trial court sustained respondent's motion to waive the necessity of service of summons, pursuant to § 211.453.3, and ordered appellant's parental rights to Child be terminated on the basis of abandonment.

On appeal, appellant contends § 211.453.3 is unconstitutional in that it deprives her of the due process right to notice. At the outset, we observe that it is fundamental that a restriction upon parental rights be in accordance with due process of law. *M.J.S. v. K.E.S.,* 724 S.W.2d 318, 319–20 (Mo.App.1987). And, the first requirement of due process is that a de-

**34**

fendant be given sufficient notice that his rights are to be challenged in the courts. *Id.* at 320. "Notice to the defendant is essential to the jurisdiction of all courts." *Hicklin v. Edwards*, 226 F.2d 410, 413 (8th Cir.1955), quoting *Nations v. Johnson*, 65 U.S. (24 How.) 195, 203, 16 L.Ed. 628 (1860). The rights of a party may not be adjudicated in the absence of notice to that party of the litigation. *Industrial Personnel Corp. v. Corcoran*, 643 S.W.2d 816, 818 (Mo.App.1981).

The United States Supreme Court holds a fundamental requirement of due process is "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). The *Mullane* decision reiterated well-settled law that personal service of written notice to a defendant within the jurisdiction is always adequate in any type of proceeding. *Id.* at 313, 70 S.Ct. at 657. The Court further stated that notice by means of publication satisfies due process where a defendant is missing, or unknown, or where the interests or whereabouts of the defendant cannot be ascertained with due diligence, or where the defendant's interests are future or conjectural. *Id.* at 317, 70 S.Ct. at 658. The court acknowledged that notice by means of publication was "probably futile" in the case of a defendant who is missing or unknown; nonetheless, such service of process satisfies due process, as "it is all the situation permits." *Id.*

▌ In the present case, appellant received no notice of the termination of her parental rights to Child. As the rights of a defendant may not be adjudicated in the absence of notice to that party of the litigation, whether or not the party actually receives the notice, we hold appellant was deprived of due process of law. Thus, *§ 211.453.3* is unconstitutional insofar as it removes the necessity of notice by publication to a parent whose identity is unknown and cannot be ascertained or cannot be located.[1]

The United States Supreme Court recently reaffirmed the importance of notice in *Tulsa Professional Collection Services, Inc. v. Pope*, —— U.S. ——, 108 S.Ct. 1340, 1347, 99 L.Ed.2d 565 (1988) (holding due process requires actual mail notice to known or reasonably ascertainable creditors of an estate that is being probated). As *§ 211.453.3* neither concerns parents whose identity is known or who can be reasonably ascertained, the decision in *Tulsa Professional Collection Services*, does not mandate personal service. *See also In the Interest of B.C.H.*, 718 S.W.2d 158, 159–60 (Mo.App.1986). The decision in *B.C.H.* involved a termination of parental rights. The biological father, though his identity was known, was never located and service upon him was effected by publication.

Respondent contends *Lehr v. Robertson*, 463 U.S. 248, 103 S.Ct. 2985, 77 L.Ed.2d 614 (1983), supports the constitutionality of *§ 211.453.3*. We disagree. In *Lehr*, the Court held that the failure to give a putative father notice of an adoption proceeding did not deny him due process where the putative father had not availed himself of New York's statutory procedure, which involved mailing a postcard to a putative father registry by which he would have received notice of the proceeding. In the case before us, appellant is the known mother of Child; as well, Missouri provides no statutory mechanism by which appellant could have entered her name on a registry so as to acquire the right to receive notice of proceedings affecting her parental rights.

JUDGMENT REVERSED.

BILLINGS, C.J., and BLACKMAR, WELLIVER, ROBERTSON, RENDLEN and HIGGINS, JJ., concur.

DONNELLY, J., not sitting.

---

**1.** In view of our ruling in favor of appellant as to point I, we need not decide point II which alleges the trial court erred in finding appellant abandoned Child.