774 S.W.2d 477 (1989)
D.L.G., SR., Appellant,
v.
E.L.S. and W.O.S., Respondents.
No. 71028.
Supreme Court of Missouri, En Banc.
August 1, 1989.
*478 Judith W. Freiberg, St. Louis, for appellant.
Richard B. Blanke, University City, for respondents.
Michael James, Clayton, guardian ad litem.
BILLINGS, Judge.
Petition for review[1] by putative father, appellant, seeking to vacate and set aside the decree of adoption of his alleged child. The trial court dismissed the petition as barred under the one year statute of limitations of § 453.140, RSMo 1986. Appellant contends extrinsic evidence would demonstrate a lack of jurisdiction for the adoption court to enter the decree and the adoption proceeding violated his constitutional rights to due process. Affirmed.
The Missouri Court of Appeals, Eastern District, opined appellant was entitled to present evidence to support his allegations challenging the adoption proceedings and have access to the juvenile division's adoption file. The court of appeals reversed and remanded the case for further proceedings.
Initially, the Court notes the appellant has, in fact, examined and reviewed the juvenile division's adoption file. Shortly after appellant filed a three count petition in this case against E.L.S., in which he sought injunctive relief, a declaratory judgment of paternity, and custodial rights, he requested and obtained an ex parte order from the circuit court transferring the juvenile division files concerning D.L.G., Jr., *479 to the circuit court "... solely for the purpose of inspection and review by the Judge in Division 15 and by the attorney for petitioner...."
Appellant's allegations in his subsequently filed "Amended Petition and Affidavit for Review to Set Aside Final Judgment, Petition for Injunction, Declaration of Paternity, and Order for Temporary Custody" tracks and takes issue with certain parts of the official records of the adoption file, as evidenced by specific reference thereto, i.e., "Adoption File, Cause Number JV-584-00253", as well as in his briefs filed herein. Further, the appellant was able to obtain a certified copy of the entire adoption file, including the judge's minutes, and filed it as part of this appeal. In his reply brief appellant states unequivocally he has "made the adoption file part of the record in this case" (appellant's reply brief, page 4) and, again, cites to the adoption file in support of his various contentions. Because of the foregoing, and the adoption file of the juvenile division being before this Court, the Court will review appellant's points in light of the records of the adoption court.
The child was born out of wedlock to respondent, E.L.S. The certificate of live birth, issued by the Department of Social Services, Division of Health, and one of the records of the official court file shows the birth of baby on July 27, 1979. The child's name is shown as D.L.G., Jr., but does not show the father's name.
On February 29, 1984, petitioners filed their petition for adoption of D.L.G., Jr., stating, inter alia, they were married April 24, 1982, living as husband and wife, and the child had lived continuously with them since their marriage; that respondent wife consented to the adoption. The petition further alleged the child was born out of wedlock and the mother, E.L.S., believed D.L.G. to be the natural father of the child. (Emphasis added.) The petition also alleged:
[D.L.G.] has wilfully abandoned the minor child and wilfully neglected to provide the minor child with proper care and maintenance for a period of at least one year immediately prior to the filing of this petition.
On the same date the petition for adoption was filed a verified motion for service by publication was filed averring "they have had no contact with the natural father, of the minor child D.L.G., Jr., for over one year and that his whereabouts are completely unknown to them and that after full investigation, (petitioners) cannot and have not discovered the whereabouts of D.L.G., the natural father of D.L.G., Jr., and that service therefore cannot be made under Rules 54.13, 54.14 or 54.16; ... that defendant's present address is unknown."
Service by publication was ordered and directed to D.L.G., reciting the pendency of the adoption suit wherein respondents were seeking to adopt D.L.G., Jr. The proof of publication from the St. Louis Daily Record is part of the official court file. On May 3, 1984, default was granted against D.L.G., the alleged natural father.
Thereafter, on August 17, 1984, a guardian ad litem for D.L.G., Jr., was appointed and filed an answer on behalf of the child, recommending the proposed adoption but requesting strict proof. On August 17, 1984, the court entered the following decree of adoption:
DECREE OF ADOPTION
Now on this 17th day of August, 1984, the Petition of W.O.S. AND E.L.S., seeking the adoption of D.L.G., Jr., is called, and the petitioners are present in person and by their Attorney, the child is present in person and by his legally appointed Guardian ad litem; the evidence is heard and the cause is submitted, and the Court being fully advised in the premises does find, by the clear, cogent and convincing weight of the evidence adduced that:
1. The Petition for Adoption is in legal form and that the allegations contained therein are true and this Court has jurisdiction of the subject matter and the parties involved.
2. The child who is the subject of this Petition is a male minor child born out of *480 wedlock to E.L.S., on July 27, 1979 in Kirkwood, Missouri.
3. The child and petitioners have been investigated by persons qualified to evaluate petitioners as to their suitability to become parents of this child, and the child as to his suitability for adoption. All parties have been approved, and this Decree of Adoption has been recommended in the written report filed herein.
4. The petitioner E.L.S., natural mother of the child, has filed her consent to this adoption and the same is made a part of the record herein.
5. The petitioners are residents of St. Louis, Missouri, and that the child is in St. Louis, Missouri.
6. No man has acknowledged this child as his own by affirmatively asserting his paternity and the identity of the child's natural father cannot be ascertained, therefore, the Court waives the necessity of service of process upon the unknown natural father and his consent to this adoption shall not be required by law.
7. The guardian ad litem has given a recommendation that it would be in the child's best interest and welfare to enter this Decree of Adoption.
8. The Court finds this child suitable for adoption; that the petitioners are suitable as parents of said child; that the petitioners have the ability to properly care for, maintain and educate said child; that the child has been in the lawful and actual custody of the petitioners for a period exceeding nine (9) months prior to the date of this Decree; that the welfare of this child will be promoted by granting this Petition for Adoption and that it is fit and proper that said Decree of Adoption be entered.
WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the Petition is granted and sustained and that from the date of this Decree said child shall, to and for all legal intents and purposes, become and be the child of Petitioners, and that any and all rights which the natural father may have had in and to said child are hereby terminated and ended, and that the name of said minor child be changed to D.L.S. The Guardian ad litem is allowed $50.00 as fee, the same to be taxed as costs; costs assessed against petitioners.
One year and eight months after the adoption decree was entered, appellant filed this suit in circuit court individually and as purported next friend for D.L.G., Jr., against E.L.S., seeking the injunctive and declarative relief earlier referred to herein. Summons directed to E.L.S. was returned non est May 23, 1986. Although no service had been obtained on E.L.S., appellant obtained the order from the circuit court on June 23, 1986, transferring the adoption file from the juvenile division to the circuit court proceeding for "inspection and review". Then on November 18, 1986, without obtaining leave of court to file an amended petition or add a party, and with still no service on E.L.S., appellant filed his amended petition for review to set aside the adoption decree and added W.O.S. as a defendant.
Service was not obtained on E.L.S. until March 22, 1987. The legal file does not reflect service was ever made on W.O.S. On March 27, 1987, respondents' filed a motion to strike and answer. By consent of the parties, the petition for review count was on April 20, 1987, transferred to the juvenile division of the circuit court. On June 18, 1987, at respondents' request, the juvenile division ordered preparation of a transcript of the August 20, 1984, adoption hearing.
A guardian ad litem was appointed to represent the minor child on July 9, 1987, and on July 31, 1987, appellant, respondents, and the guardian ad litem agreed and consented that the petition for review be transferred from the juvenile division of the circuit court to the equity division of that court. Both the juvenile division and the circuit court approved the transfer. Thereafter, the guardian ad litem filed a motion to dismiss the petition to set aside the adoption decree on the ground the proceeding was barred by Section 453.140, RSMo 1986.
*481 In connection with a scheduled hearing in circuit court on the guardian ad litem's motion to dismiss the petition for review, the appellant sought to subpoena juvenile division records concerning the child. On the juvenile division's own motion an order was entered prohibiting compliance with the subpoena, pursuant to § 453.120, RSMo 1986. This action by the juvenile division was not challenged by the appellant in the court below or in this appeal. The Court notes that appellant specifically made the adoption file and a transcript of the hearing from the juvenile division a part of the record in this appeal but the transcript was not filed with this Court. The trial court entered its order sustaining the guardian ad litem's motion to dismiss on August 18, 1987, and this appeal followed.
Appellant first contends that service by publication was invalid because respondents knew or could have discovered his whereabouts and therefore could have accomplished personal service. This claim is barred, however, by the one year statute of limitations contained in § 453.140 RSMo 1986. That section states:
After the expiration of one year from the date of entry of the decree of adoption, the validity thereof shall not be subject to attack in any proceedings, collateral or direct, by reason of any irregularity in proceedings had pursuant to this chapter.
The failure to personally serve the appellant is no more than a mere irregularity in the proceedings. Appellant was not entitled to any service of process under § 453.060.5 RSMo Supp.1983 which states:
Where the court finds that a father of an illegitimate child has not acknowledged the child as his own by affirmatively asserting his paternity and whose identity is unknown and cannot be ascertained then the court may waive the necessity of any service of process.
See also In Interest of J.F., 719 S.W.2d 790, 793 (Mo.banc 1986), which held that statutes denying notice to putative fathers who have not affirmatively asserted paternity are not arbitrary; and J.B.B. v. Baby Girl S., 611 S.W.2d 359, 362 (Mo.App.1980), which held that an unknown putative father who had not affirmatively asserted his paternity was not entitled to notice of adoption. Here, the adoption court specifically found that:
No man has acknowledged this child as his own by affirmatively asserting his paternity and the identity of the child's natural father cannot be ascertained, therefore, the court waives the necessity of service of process upon the unknown natural father and his consent to this adoption shall not be required by law.
Because service of process upon the appellant was unnecessary, the failure to personally serve the appellant can be no more than a mere irregularity in the proceedings, and under § 453.140 cannot be raised more than one year after the date of entry of the decree of adoption.
Appellant's attack on the service by publication also fails because the defect alleged does not appear on the face of the record. To set aside a final judgment under a petition for review, the irregularity must appear on the face of the record. State ex rel. Fabrico v. Johnson, 293 Mo. 302, 239 S.W. 844, 847 (1922); Fox-Miller Grain Company v. Stephans, 217 S.W. 994, 995-96 (Mo.App.1920); See also Barney v. Suggs, 688 S.W.2d 356, 359 (Mo.banc 1985), which held that to set aside a judgment based on an irregularity under former Rule 74.32, the irregularity must be patent on the record and must not depend on proof beyond the record; and Smith v. Benson, 542 S.W.2d 571, 576 (Mo.App. 1976), which held that a collateral attack on an adoption decree must be based on an inspection of the record alone and may not be made where the defect does not appear on the record.
Respondent's verified motion for service by publication states that respondents had no contact with the alleged natural father of the child for over one year, that his whereabouts were completely unknown to them, that after full investigation they could not discover the alleged natural father's whereabouts and that his present address was unknown. There is nothing on the face of the record indicating that respondents knew or could have discovered *482 appellant's whereabouts, and appellant may not now offer extrinsic evidence to contradict the face of the record in an action for a petition for review. The record indicates that personal service could not be had and therefore service by publication was proper.
Appellant cites In re Adams, 237 S.W.2d 232 (Mo.App.1951), for the proposition that lack of notice is more than a mere irregularity in the proceedings and can be challenged after one year. In Adams, the natural father of a child filed a habeas corpus petition to recover possession of the child. The child had been adopted by her aunt after the father and mother divorced. The adoption took place with the mother's consent, but without the consent of the father who was in prison at that time. The father received no notice whatsoever of the adoption proceeding. The court of appeals held that the father was entitled to notice, that the decree was not binding on him in the absence of any notice, and that the father could attack the decree in a habeas proceeding. The court also concluded that the father was not barred by the one year statute of limitations because lack of notice to him was not a mere irregularity in the proceedings.
Adams is distinguishable on the ground that the father was the legal father of the child, married to the child's mother at birth. As the legal father, Adams was a necessary party in the adoption proceeding and was entitled to notice. The identity of the father in this case was found to be unknown, and therefore neither appellant nor anyone else was entitled to notice. The failure to personally serve a father entitled to notice may be more than a mere irregularity in the proceedings, but the failure to personally serve a putative father who is entitled to no notice is a mere irregularity at best.
Adams is also distinguishable because the defect in that case, lack of required notice, appeared on the face of the record. In this case, the record shows that appellant received notice by service of publication, and there is nothing in the record indicating that publication notice was improper.
Appellant also contends that the motion for service by publication was defective on its face in that respondents failed to allege one of the three specific grounds for obtaining an order by publication under § 506.160.3, RSMo 1978.[2] Again, because service of process upon appellant was not required, the alleged defect in publication was no more than a mere irregularity in the proceeding and cannot be raised more than one year after the date of entry of the adoption decree. Section 453.140.
Appellant's next point is that the adoption decree should be set aside because the adoptive father did not live with the child for nine months prior to the entry of the decree of adoption as required by § 453.080, RSMo 1978. This alleged irregularity in the proceedings cannot be raised more than one year after the date of the adoption decree. Section 453.140. The alleged defect must also appear on the face of the record. Webb v. First National Bank and Trust Company of Joplin, 602 S.W.2d 780, 784 (Mo.App.1980); Smith v. Benson, 542 S.W.2d at 576. The petition for adoption alleged that the child had lived continuously with petitioners since April 24, 1982, and the decree of adoption found and determined "that the child has been in the lawful and actual custody of the petitioners for a period exceeding nine (9) months prior to the date of this decree." Again, the face of the record does not demonstrate any irregularity and, in fact, the decree wholly refutes appellant's contention.
Appellant's various contentions cannot be utilized to impeach the verity of the adoption decree entered years ago. As demonstrated, such contentions are negated by the adoption court's express findings and decree.
Finally, appellant alleges that the dismissal of his petition violates due process. Due process is evaluated by balancing *483 the "paramount interest in the welfare of children" with the rights of parents based on the amount of responsibility they have assumed for the child. Lehr v. Robertson, 463 U.S. 248, 257, 103 S.Ct. 2985, 2991, 77 L.Ed.2d 614 (1983). The Supreme Court has recognized a legitimate state interest in facilitating the adoption of young children and in having prompt and certain adoption procedures. Id. at 263-65, 103 S.Ct. at 2994-95. Parental rights, however, "do not spring full-blown from the biological connection between parent and child. They require relationships more enduring." In Interest of J.F., 719 S.W.2d at 793 (quoting Caban v. Mohammed, 441 U.S. 380, 397, 99 S.Ct. 1760, 1770, 60 L.Ed.2d 297 (1979) (Stewart, J., dissenting)). An unwed father, who has failed to demonstrate a full commitment to the responsibilities of parenthood by coming forward to participate in the rearing of the child, does not merit substantial protection under the due process clause. Lehr, 463 U.S. at 261, 103 S.Ct. at 2993.
Section 453.140 properly balances the child's strong interest in family stability and adoptive certainty with appellant's alleged parental rights. The statute serves the legitimate state interest in finalizing adoption proceedings and thereby promotes stability for the child. The purpose of this law, like the purpose of other adoption provisions, "is to ensure a permanent settlement of matters of legal rights to the custody and care of the child as between the natural parents, the child, and the adoptive parent." In Interest of J.F., 719 S.W.2d at 793.
This case graphically demonstrates the wisdom and necessity of a statutory limitation on challenges to adoption proceedings. Otherwise, the needed family stability would forever be at risk by one claiming to be the biological parent of an adopted child. Here, the child was born ten years ago, has been a member of respondents' family for more than seven years, and was decreed to be the child of respondents nearly five years ago. There is no evidence in the record that appellant ever earlier sought to affirmatively assert his paternity or provide financial support for this child; and further, he did not seek a judicial determination of paternity until some seven years after birth. Where a putative father fails to accept responsibility for his alleged child within a reasonable period of time, the legal rights of the adoptive parents and the child should not remain in limbo. See In Interest of J.F., 719 S.W.2d at 793. The Court concludes that the statute satisfies due process and was properly applied in this case.
The judgment is affirmed.
WELLIVER, RENDLEN, HIGGINS and COVINGTON, JJ., concur.
BLACKMAR, C.J., concurs in result in separate opinion filed.
ROBERTSON, J., concurs in result and concurs in separate opinion of BLACKMAR, C.J., concurring in result.
BLACKMAR, Chief Justice, concurring in result.
I agree that the judgment should be affirmed, but reach this result solely on the basis of the one-year statute as contained in § 453.140, RSMo 1986, reading as follows:
After the expiration of one year from the date of entry of the decree of adoption, the validity thereof shall not be subject to attack in any proceedings, collateral or direct, by reason of any irregularity in proceedings had pursuant to this chapter.
If the appellant's claim is barred by this statute, much of the discussion in the principal opinion is unnecessary. I feel also that some of this discussion introduces problems which need not be resolved in the context of this case.
By conventional rules of pleading, the factual allegations of the amended petition must be taken as true. The appellant charges that the respondent mother "knew or could have discovered the whereabouts of the petitioner and therefore could have accomplished personal service," and "that E.L.S.'s representation to the Juvenile Court that the petitioner could not be personally served was untrue and was known *484 by her to be untrue." These assertions may fall somewhat short of charging a false statement of fact, but I shall assume for the moment that they properly charge that service by publication was inappropriately obtained. The appellant was entitled to notice of the proceeding for the adoption of his child. Service by publication is not appropriate when personal service may be had.[1] If the allegations of the petition are true, then the judgment on constructive service is infirm and any factual findings adverse to the appellant are likewise infirm.
It is therefore inappropriate to set out the court's findings, following the alleged inappropriate publication, to show that no service on the father was necessary. In Interest of Loveheart, 762 S.W.2d 32 (Mo. banc 1988), holds that the provisions of § 211.453.3, excusing notice to a "parent whose identity is unknown and cannot be ascertained, or cannot be located" are unconstitutional, in the absence of service by publication. The logic of this holding would likewise apply to a situation in which service by publication is founded on a fraudulent affidavit.
Adoption, however, is an action in rem, determining a child's status. The child is the person most affected by an adoption case. As the principal opinion points out, serious consequences may ensue if an adoption decree rendered following service by publication is infirm for years to come.
The legislators may reasonably assume that, if the father of a child born out of wedlock is truly interested in his child, he will not allow a full year to pass without asserting his paternity rights, and that he could be expected, within that time, to make such inquiries as would lead to the discovery that a decree of adoption, regular on its face, had been rendered. We need not consider what the situation would be in a case in which fraudulent concealment of the child or of the adoption, following the entry of the decree, is expressly charged. No such state of facts is alleged in the petition. The one-year statute of limitations, under the circumstances of the case, appears to me to embody a reasonable balancing of interests.
I therefore agree that the judgment should be affirmed.
NOTES
[1] Sections 511.170-511.260, RSMo 1986, former Rules 74.12-74.32 (repealed).
[2] The motion for service by publication satisfied the requirements of Rule 54.17 and service may be made pursuant to the provisions of the statute or the rule. Rule 54.18.
[1] Mullane v. Central Hanover Bank and Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); Tulsa Professional Collection Services, Inc. v. Pope, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988).