### Thomas Julian CAROLYN, Defendant-Appellant,

v.

### Julia Michelle STAHL, by her next friend Lillian Charlene Stahl, and Lillian Stahl, Individually, Plaintiffs-Respondents.

#### No. 41868.

Missouri Court of Appeals, Eastern District, Division Three.

June 10, 1980.

Chused, Strauss, Chorlins, Goldfarb, Bini & Kohn, Kenneth J. Bini, St. Louis, for defendant-appellant.

Daniel R. Devereaux, St. Louis, for plaintiffs-respondents.

CRIST, Judge.

Action sounding in paternity wherein the trial court found Thomas Julian Carolyn to be the father of Lillian Stahl's daughter. (The parties parent will hereinafter be referred to as "putative father and mother," respectively.) Pursuant to its finding, the trial court ordered putative father to pay mother $500.00 for expenses she incurred attendant to the child's birth; $25.00 per week as and for child support; and, $125.00 court costs. We affirm.

On appeal, putative father has espoused but one point of error, which point is insufficient to beget review under Rule 84.04(d). Father's point, found wanting, reads as follows:

The trial court erred in entering a judgment of paternity against defendant in that said judgment was not supported by the weight of credible evidence.

■ A point relied on which merely asserts that the "judgment was not supported by the weight of credible evidence" preserves nothing for review and, "clearly violates the requirements of Rule 84.04(d)." *Willsey v. W. C. Porter Farms Company,*

522 S.W.2d 29, 30 (Mo.App.1975); and, see *Thummel v. King*, 570 S.W.2d 679 (Mo.banc 1978).

However, we have voluntarily reviewed the record and have determined that mother adequately sustained her burden of proof. Rule 73.01(3); *Stegemann v. Fauk*, 571 S.W.2d 697, 700–701 (Mo.App. 1978). Putative father and mother lived together from 1969 until the latter part of July, 1972, and during this period, "engage[d] regularly in sexual intercourse." Evidence indicated that the child was conceived in March of 1972 and born in December of 1972. Mother maintained throughout the proceeding that she did not engage in sexual activity with any other man during 1972.

Mother presented the above-mentioned evidence and, although there existed evidence to the contrary, it was well within the ambit of the trial court to sift through the evidence and attach such weight or credibility to the testimony as it chose.

Judgment affirmed.

DOWD, P. J., and REINHARD, J., concur.