**METMOR FINANCIAL, INC.,
Plaintiff/Respondent,**

v.

**Ronald LEGGETT, et al.,
Defendant/Appellant.**

**No. 56282.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 21, 1989.

Anthony J. Sestric, St. Louis, Irving L. Cooper, Lisa C. Toarmina, Clayton, for defendant/appellant.

Charles S. Kramer, St. Louis, for plaintiff/respondent.

GARY M. GAERTNER, Presiding Judge.

Appellants, Carl I. Brown and Co. and Phillip Miller, appeal the denial of their motion to set aside the judgment entered in favor of respondent, Metmor Financial Inc. Respondent has filed a motion with our court to dismiss appellants' appeal and a request for damages for frivolous appeal. We decline both of respondent's requests and reverse the trial court.

On October 29, 1986, the property located at 4911 Hooke Ave. (hereinafter referred to as the "Hooke property") was sold pursuant to a tax sale, RSMo section 92.700 (1986). At the time of this sale, Metmor Financial, Inc. held a first deed of trust on the Hooke property by virtue of an assignment to them by Georgetown Mortgage Corporation. Metmor never received personal notice regarding this tax sale.

The Hooke property was purchased at the tax sale by K & K Investments, Inc. K & K sold the Hooke property to Theoda and Ruth Lester who executed a deed of trust in favor of the appellants, Carl I. Brown and Co. Appellant Phillip Miller was named as the trustee in this deed.

On October 20, 1987, Metmor filed a petition in the Circuit Court of St. Louis challenging the validity of the tax sale. This action was an entirely separate proceeding from the tax sale. Metmor's petition

named as defendant the Collector of Revenue of the City of St. Louis, Ronald Leggett, the City of St. Louis, K & K Investments, Inc., Gordon Schweitzer (St. Louis City Sheriff), and Georgetown Mortgage Corp. Metmor filed an amended petition on February 26, 1988, naming appellants, Brown and Company and Miller, among others, as defendants.

Metmor also filed a verified motion that service by publication be had on various unknown defendants pursuant to Rule 54.-17. On the same day that the amended petition and motion for service by publication were filed, February 26, 1988, Metmor included a letter to the court requesting that the court forward them copies of the summons and complaint so that Metmor could accomplish service of process upon Carl I. Brown and Company and Phillip Miller since both resided outside of St. Louis. The court issued an order authorizing service by publication pursuant to Rule 54.17 on March 1, 1988, and proper notice was published in the St. Louis Daily Record beginning March 4, 1988, and ending March 25, 1988. However, the court apparently never sent Metmor the copies they requested and there was no return of service filed indicating service upon either Brown or Miller. On June 6, 1988, Metmor again requested that copies of the summons and complaint be sent to them.

On June 9, 1988, the trial court entered judgment in favor of Metmor. The trial court ruled that since Metmor's assumption of the Georgetown deed of trust was recorded in the real estate records,[1] the Collector of Revenue was "obliged, at the least, to attempt to communicate with [Metmor] by mail." The trial court ordered that Metmor's deed of trust on the Hooke property be revived, specifically noting that Metmor's lien had "priority over all subsequent liens created in the [Hooke property] including but not limited to the lien of Carl I. Brown and Company."

Then, on August 1, 1988, Metmor sent its final correspondence to the court regarding service of process upon Brown and Miller. Metmor sent two copies of the amended petition to the court and asked that service of process be had upon Brown and Miller and included, for the first time, an address where each could be served. Pursuant to this request and after the court had already entered its judgment on June 9, 1988, Carl I. Brown and Company was served with process at the offices of its registered agent in St. Louis. This occurred on August 8, 1988. On September 4, 1988, Brown and Miller filed an answer, believing that the case was pending.

On December 7, 1988, appellants filed a motion to set aside the order and judgment entered against them on June 9, for lack of personal jurisdiction. The trial court held a hearing and denied appellants' motion. In this denial, the judge stated:

> Course of service by publication is valid service in Missouri. I've gone through the Court file and the proper affidavit is in the file. Motion to Set Aside the Judgement is denied.

Appellants assert that the court lacked personal jurisdiction over them because service by publication was improper. Ironically, this is the same claim that respondent advanced in successfully challenging the tax sale. Both parties bring up a number of different issues in support of their respective positions in this heated dispute. However, since we find that the court lacked personal jurisdiction over appellants, we need not review the record on any other issue.

█ We note at the outset that proper service of process must be accomplished before a court can obtain jurisdiction over either the person or property of a defendant. *Kerr v. Kerr*, 519 S.W.2d 303 (Mo. App., K.C.Dist.1975). A judgment entered without personal jurisdiction over a party is void. *Gerding v. Hawes Firearms Co.*, 698 S.W.2d 605, 607 (Mo.App., E.D.1985).

---

1. The assignment which was recorded in the real estate records showed "Crossland Capital Corp., located in Los Angeles, California" as assignee. This was duly recorded on October 29, 1985. Crossland was the name formerly used by Metmor, Inc. The court found that the records reasonably identified Metmor.

The question, thus, becomes whether appellants were validly served.

Rule 54.17 provides for service by publication if the names of the parties are unknown *or* there are facts showing why service cannot be had personally *and* the proponent of such service provides the address of the party to be served or a statement that their address is unknown. We have interpreted this rule to require that the party requesting service by publication upon a known party(s) file an affidavit stating that personal service cannot be obtained and that the address of the person is unknown. *Collier v. Dunne,* 712 S.W.2d 38, 41 (Mo.App., E.D.1986). Clearly, some degree of effort by the party requesting service to locate a known party is necessary before service by publication is appropriate.

While Rule 54.17 doesn't indicate how hard one must search for a known party, due process requires an honest and reasonable effort to find the adversary for personal service before service by publication may be used. *Burchett v. Burchett,* 572 S.W.2d 494, 502 (Mo.App., W.D.1978). In our examination of whether the respondent had made an "honest and reasonable effort" to locate appellants, we must determine whether there is a substantial basis in the evidence for such a finding. *Burchett,* 572 S.W.2d at 502 (citing *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976)).[2]

The affidavit filed by respondent requests service by publication upon any *unknown* parties claiming "by, through, or under" Theoda and Ruth Lester. This classification certainly would include appellants but the affidavit does not state why personal service could not be obtained over them. The respondent sent a letter with this affidavit requesting that a copy of the summons and petition be sent to them so *respondent* could serve the appellants. They stated in the letter that Brown and Miller resided outside the City of St. Louis.[3] It is therefore not clear from the record that respondent initially intended for appellants to be served by publication, though that's what they now argue.

Hence, the names of the appellants—the parties to be served—were certainly known to respondent. The only evidence of respondent's attempts to locate appellants was a statement by respondent's counsel at the hearing on appellants' motion to set aside the judgment. Respondent's counsel stated that they made "good faith, diligent efforts to locate them". There was no evidence presented at the hearing on the motion, no evidence contained in respondent's verified affidavit for service by publication, nor any other evidence anywhere else in the record indicating that appellants' addresses could not be located nor what actions respondent took in this regard. We cannot say that there is a substantial basis on which to find that respondent made an honest and reasonable effort to personally serve appellants. Service by publication was therefore inadequate and the court did not have personal jurisdiction over appellants.

Respondent also argues that even if service was inadequate, appellants still must show "good cause" (quoting Rule 74.-03 and 74.05(c)). They base this on their claim that, as a matter of law, appellants have no meritorious defense to this action. Respondents also claim that appellants should not be allowed to proceed because appellants assigned their interest in the Hooke property and now no longer have an interest in litigating.[4] We will first briefly address the latter of these claims.

---

2. While the trial court did not expressly state that "respondents conducted an honest and reasonable effort," since the court found that service by publication was proper in this case, we will imply that the court considered respondent's efforts in reaching its decision, in accordance with Missouri case law.

3. Carl I. Brown & Co. is a Kansas Corporation which has a registered agent for service in St.

Louis. Miller is an attorney with a large Kansas City law firm. These facts support the contention that personal service would have been reasonable.

4. This assignment apparently took place after the respondent's petition was filed, but before judgment.

Rule 52.13(c) states that where an interest has been transferred, "the action may be continued by or against the original party". The plain reading of this rule refutes respondent's argument. Even though appellants may have transferred their interests in the Hooke property subsequent to the suit, their continuation as the proper party is clearly allowed.

In regard to respondent's claim that appellants do not have a meritorious defense, this court in *Gerding* found that a failure to fully comply with the return of service rules meant the court never had jurisdiction over the defendants. *Gerding*, 698 S.W.2d at 607. Similarly, respondent's failure to properly serve appellants in this case meant the court never had personal jurisdiction.

The United States Supreme Court in *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988), reiterated that a judgment entered without notice or service is "constitutionally infirm". *Id.*, 108 S.Ct. at 899. The court went on to hold that a default judgment without proper notice to the defendant cannot stand up even where appellant (defendant) conceded that he did not have a meritorious defense. *Id.* at 898–900. Thus, even if respondent is correct in saying that appellants do not have a meritorious defense, we still cannot then affirm the judgment entered against appellants.

Since we find that the court lacked personal jurisdiction, we deny respondent's motion for damages for frivolous appeal. The judgment entered against appellants, Carl I. Brown and Co. and Phillip Miller, is reversed.

REINHARD and CRIST, JJ., concur.