**Marylyn D. CORLEY, Appellant,**

v.

**Richard M. JACOBS, Respondent.**

**No. 59829.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Nov. 26, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 10, 1992.

Marylyn D. Corley, pro se.

Richard M. Jacobs, pro se.

SIMON, Judge.

Marylyn D. Corley, appellant, appeals the trial court's grant of Richard M. Jacobs', respondent, motion for summary judgment. Corley essentially contends that the trial court erred in: (1) allowing Jacobs to be represented by legal counsel without notification and refusing to reduce to writing the grounds for sustaining his motion for sum-

mary judgment; (2) sustaining his motion for summary judgment ruling that Corley's cause of action for fraud by misrepresentation and deceit and for wrongful use of civil process was not within the statute of limitations and overruling a decision of the court of appeals that Corley's counterclaim in a prior action was timely filed; (3) sustaining Jacobs' motion for summary judgment because the motion did not meet the criteria for Rule 74.04 stating with particularity what elements of Corley's petition were in dispute; and (4) ruling that Count II of Corley's petition was not as stated, wrongful use of civil proceedings, but was declared to be a cause of action for malicious prosecution and thereby not allowable or within the statute of limitations. We affirm in part and reverse in part.

This is the fourth appeal to this court arising from the same controversy involving the same parties. A brief summary of the facts follows. Corley originally hired Jacobs to handle a claim with Dean Witter Reynolds, Inc. The following work day Corley attempted to discharge Jacobs but he refused to be discharged based on an executed attorney contingent fee agreement. Both Corley and Jacobs attempted to settle the claim with Dean Witter. A settlement was reached and Jacobs tried to collect his fee but Corley refused to pay. Corley and Jacobs then presented the fee dispute to a fee dispute arbitration committee, which awarded Jacobs approximately $10,000. Due to the confusion as to whom to distribute the money, Dean Witter filed an interpleader action joining Corley and Jacobs. In cross-claims, Corley sought to have the arbitration award set aside and Jacobs sought to have the award affirmed. The trial court set aside the arbitration award. Subsequently, Jacobs brought an action for breach of contract based on the attorney contingent fee agreement and fraud concerning the amount offered as a settlement to Corley prior to her retention of Jacobs and Corley filed a counterclaim alleging fraud and wrongful use of civil proceedings. Jacobs' claim was dismissed with prejudice. Corley then dismissed her counterclaim without prejudice. The dismissal of Jacobs' claim was affirmed. For more detailed facts see *Dean Witter Reynolds, Inc. v. Corley,* 699 S.W.2d 21 (Mo. App.1985) (*Corley I*), *Jacobs v. Corley,* 732 S.W.2d 910 (Mo.App.1987) (*Corley II*), and *Jacobs v. Corley,* 793 S.W.2d 512 (Mo. App.1990) (*Corley III*). This appeal stems from Corley's petition filed against Jacobs on April 23, 1990 alleging fraud by misrepresentation and deceit for statements that he was an expert in securities law, that he could not be discharged, and the addition of a handwritten statement on the attorney's contingent fee contract in Count I and wrongful use of civil proceedings for Jacobs' role in the interpleader action and his filing of an action for breach of contract and fraud in Count II. We note that several motions were filed throughout this litigation, however, we shall limit our attention to those directly related to this appeal. Jacobs filed a motion to dismiss Corley's petition alleging failure to state a cause of action in Count I and Count II, statute of limitations, res judicata, and laches. This motion was denied but sustained in part as to Corley's request for attorney's fees and punitive damages. On August 27, 1990, Corley filed an amended petition for fraud by misrepresentation and deceit and for wrongful use of civil proceedings. On October 5, 1990 Jacobs filed a motion to dismiss Corley's first amended petition for failure to state a cause of action and alternatively a motion for summary judgment with suggestions in support thereof. An amended motion for summary judgment or in the alternative a motion to dismiss with argument in support was filed by Jacobs on December 14, 1990. Jacobs filed an affidavit in support of his motion for summary judgment on January 25, 1991. Corley filed suggestions and affidavit in opposition to Jacobs' motion on January 31, 1991. The hearing on Jacobs' motion for summary judgment was held on February 5, 1991 in Judge Goldman's chambers, where Corley appeared pro se while Jacobs was represented by counsel. The matter was heard and the motion for summary judgment was granted. Two days later Corley filed a request for clarification which was denied.

■ Corley, both in the trial court and in this court, has appeared pro se. Previously, Corley had been represented by counsel. Initially we note that a party who appears pro se is bound by the same rules and procedures as one admitted to the practice of law and we cannot hold a pro se litigant to a lower standard of performance. *Arenson v. Arenson*, 787 S.W.2d 845, 846[1, 2] (Mo.App.1990). Here, the parties' briefs and the organization and contents of the legal file fall short of minimum standards, but in an attempt to resolve this appeal we shall make an effort to dispose of the issues which we have gleaned from the briefs and materials submitted.

In her first point on appeal, Corley contends that the trial court erred in allowing Jacobs to be represented by legal counsel at the motion for summary judgment hearing without entry of appearance by the attorney or notification, and in refusing to reduce to writing the grounds on which the trial court sustained the motion for summary judgment. Corley argues that these errors resulted in unfair surprise and deprived her of her constitutional rights.

■ Jacobs retained an attorney to make an appearance on his behalf for the hearing on the summary judgment motion. The attorney filed an entry of appearance with the court on the day of the hearing. Corley has failed to show what effect the attorney's appearance had on the trial court's ruling. We find nothing in the record indicating that Corley was prejudiced in any way by the appearance of Jacobs' attorney. She at all times had the right to have retained counsel as she had done in the past.

■ Corley also claims that the trial judge should have reduced to writing the grounds for sustaining the motion for summary judgment. When the trial court sustains a motion for summary judgment but no grounds are stated, it is presumed that the trial court based its decision on the grounds specified in the motion. *Brinson v. Whittico*, 793 S.W.2d 632, 633[1] (Mo. App.1990). Corley argues that she was unaware of Rule 73.01(a)(2) and that her request for clarification, i.e., findings of fact and conclusions of law, was in effect a motion to amend the judgment under Rule 73.01(a)(3). The substance of Corley's request is not a motion to amend the judgment. Corley should have requested that the court prepare a brief statement of the grounds for its decision prior to the court ruling on the matter. Rule 73.01(a)(2). As stated previously, Corley is held to the same standards as a practicing attorney. *Arenson*, 787 S.W.2d at 846[1, 2] (Mo.App. 1990). Her lack of knowledge of Rule 73.-01(a)(2) is of no assistance.

In her second point, Corley claims that the trial court erred in ruling that her cause of action for fraud by misrepresentation and deceit and for wrongful use of civil process was not within the statute of limitations. Following the disposition of the interpleader and cross-claim actions (*Corley I*), Jacobs filed suit for breach of contract and fraud. The record does not indicate that an answer was filed but indicates that Corley filed a counterclaim in October of 1988. We are unable to find this counterclaim in the record on appeal. The trial court then dismissed Jacobs' claim with prejudice for failure to produce certain income tax returns. Jacobs appealed contesting the dismissal of his action and further contending that the trial court erred in allowing Corley to file her counterclaim and failing to dismiss it with prejudice. Corley dismissed her counterclaim without prejudice in May 1989. This court affirmed the action of the trial court. *Corley III*. On April 23, 1990, Corley filed her petition alleging fraud and wrongful use of civil proceedings within the one year time frame for a nonsuit. Corley argues that since the court of appeals allowed the counterclaim to be filed in October, 1988, then the petition filed on April 23, 1990, was timely since it was filed within one year of the voluntary dismissal of her counterclaim without prejudice in May 1989. In *Corley III*, we did not rule that Corley's counterclaim was timely filed, but that Jacobs' assertions of statute of limitations, laches, res judicata, collateral estoppel, and negligence were affirmative defenses which

may defeat a claim but did not bar the filing of the claim. *Corley III* at 516–517.

The statute of limitations for fraud and/or misrepresentation is five years from when the fraud was discoverable by the aggrieved party. Section 516.-120(5) RSMo 1986. It is the appellant's duty to inquire so as to discover the facts surrounding fraud. *Burr v. National Life & Acc. Ins. Co.*, 667 S.W.2d 5, 7[2–5] (Mo. App.1984). Further, "[w]here the means of discovery exist, the plaintiff will be deemed to have known of the fraud so as to begin the running of the statute." *Id.* Seven years of controversy and litigation ensued prior to the filing of Corley's counterclaim in 1988. Corley tried to discharge Jacobs in 1980. On October 30, 1980, she wrote a letter to the Fee Dispute Committee of the St. Louis Metropolitan Bar Association stating, "I have no complaint about how [Jacobs] handled my claim and think he did an excellent job, but I think he is charging too much for his services." In the interpleader action, Corley cross-claimed requesting that the arbitration award be set aside, seeking damages for conversion of brokerage account records, and alleging prima facie tort for Jacobs' refusal to release funds held by Dean Witter to Corley. Clearly, Corley was aware of Jacobs' statements concerning his level of expertise, his refusal to be discharged, the language used in the contingency fee agreement, and his services rendered in 1980 and 1981. Thus, Corley had the means to discover the fraud, if present, anytime during this period of litigation. Corley's counterclaim filed in October 1988 is clearly beyond the five year statute of limitations. The fact that Corley voluntarily dismissed her counterclaim and filed a petition within one year of the dismissal did not cure the time defect in the 1988 filing. Since Corley's point four is closely allied to her second point, we shall further address the statute of limitations issue raised in point four at this time.

In her fourth point, Corley alleges that the trial court erred in declaring Count II of her petition to be a cause of action for malicious prosecution and not within the statute of limitations. She argues that her cause of action falls under each of the torts of abuse of process, malicious prosecution, and wrongful use of civil proceedings. We note that Count II of Corley's petition is titled Wrongful Use of Civil Proceedings, however, it is the substance of the pleading not the title that is controlling.

Wrongful use of civil proceedings has not been recognized as a claim for relief in Missouri. However, the nature of this common law action places it in the category of abuse of process. Therefore, Corley's allegations of wrongful use of civil proceedings may be considered as abuse of process. Abuse of process and malicious prosecution are separate torts, each having its own statute of limitations.

The statute of limitations for malicious prosecution is two years. Section 516.140 RSMo 1986. The statute of limitations begins to run when the right to sue arises. *Arana v. Reed*, 793 S.W.2d 224, 226[2, 3] (Mo.App.1990). Ordinarily, a malicious prosecution action arises when the underlying process forming the basis of the claim terminates in the malicious prosecution plaintiff's favor. *Id.* However, if an appeal is taken, the statute does not begin to run until the disposal of the appeal. *Ripley v. Bank of Skidmore*, 198 S.W.2d 861, 866[20, 21] (Mo.1947); 52 Am.Jur.2d, Malicious Prosecution, § 115 (1970).

An action for abuse of process comes within the general statute of limitations applicable to "injuries done to the person." 1 Am.Jur.2d, Abuse of Process, § 24 (1962). In Missouri this provision is found in Section 516.120(2) RSMo 1986, a five year statute of limitations. A cause of action for abuse of process generally accrues, and the statute of limitations begins to run, from the termination of the acts which constitute the abuse complained of, and not from the completion of the action in which the process issued. 1 ALR3d, Abuse of Process–Limitations Statute, pp. 953–954 (1965). See also, 72 C.J.S. Process, § 112 (1987), (stating "[t]he cause of action for an abuse of process is complete as soon as the acts complained of are committed.").

The legal proceedings which Corley alleges in her petition were wrongfully initiated, are the interpleader action, which she alleges Jacobs instigated by his failure to negotiate, the cross-claims filed therein and the breach of contract and fraud action. The interpleader action was filed by Dean Witter on March 17, 1981. The cross-claims were ruled on by the trial court in February, 1984. The trial court ruled in favor of Corley on five out of six of the claims presented. Jacobs appealed and the appeal was final on November 21, 1985. *Corley I* at 21.

The two year statute of limitations for malicious prosecution began to run on November 21, 1985. Therefore, to raise this claim either in her counterclaim filed in 1988 or in her petition filed in 1990 is clearly beyond the limitation. The abuse of process claim accrued in 1981 when the interpleader and cross-claims were filed. It is unclear from the record the exact date of that filing. However, the five year statute of limitations had run by the time Corley raised this claim either in her counterclaim filed in 1988 or in her petition filed in 1990. Thus, the trial court did not err in sustaining the summary judgment motion with respect to the interpleader action and the cross-claims.

On November 22, 1985, Jacobs filed his action for breach of contract and fraud. The trial court dismissed his petition without prejudice in February 1986. Jacobs appealed and we reversed the trial court's action in April, 1987. *Corley II* at 910. Corley filed her counterclaim on October 21, 1988. Subsequently, in February, 1989, Jacobs' claim was dismissed with prejudice. In May 1989, Corley dismissed her counterclaim without prejudice. On April 23, 1990, Corley filed her petition alleging in Count II wrongful use of civil proceedings. On September 11, 1990, the affirmance of the dismissal of Jacobs' petition became final. *Corley III* at 512. Thus, the statute of limitations for malicious prosecution with respect to the breach of contract claim began to run in September, 1990. Therefore, Corley's claim of malicious prosecution was timely filed. Further, the abuse of process statute of limitations began to run on No-

vember 22, 1985. Thus, Corley's claim was filed within the five year time limit.

■ Our perception of Corley's third point is that the trial court erred in sustaining Jacobs' motion for summary judgment because Jacobs did not meet the requirements of Rule 74.04. Rule 74.04(c) states that, "The motion shall state with particularity the grounds therefor...." Jacobs sets forth as his grounds for summary judgment the following: statute of limitations, res judicata, collateral estoppel, estoppel by verdict, and laches, on page one of his motion and supports those grounds in an attached argument. In the circumstances of an affirmative defense grounded on the statute of limitations, Jacobs is under no obligation to state with particularity what elements of Corley's petition were in dispute. A statute of limitations defense is not directed to the elements of the claim for relief but to whether the claim has been timely filed. Here, there is no dispute as to the timeliness of the filing of the claim. Point denied.

In conclusion, we find that the trial court did not err in sustaining the motion for summary judgment as to Count I and as to the malicious prosecution claim and/or abuse of process claim with respect to the interpleader and cross-claim actions in Count II of Corley's petition. However, we find that the trial court did err in sustaining the motion for summary judgment as to the malicious prosecution claim and/or abuse of process claim with respect to the breach of contract and fraud action in Count II. We therefore reverse and remand for further proceedings in accordance with this opinion.

CARL R. GAERTNER, C.J., and AHRENS, J., concur.