Robert V. STEINHILBER,
Appellant/Cross–
Appellee,

v.

LAKE WINNEBAGO HOME OWNER'S ASSOCIATION; Ben Baker; Edward G. Basel; H.C. Blazer; H.E. Boughan; James L. Boyd; R.D. Edwards; George L. Gisler; James A. Green, Jr.; Charles L. Hughes; George L. Kartsonis; Larry L. Reynolds; Robert L. Schenke; Francis X. Stuppy, Appellees/Cross–Appellants.

Nos. 91–3283, 91–3416.

United States Court of Appeals,
Eighth Circuit.

Submitted May 1, 1992.

Decided May 26, 1992.

Rehearing Denied June 17, 1992.

Appellant appeared pro se.

James C. Morrow, Kansas City, Mo., for appellee.

Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.

WOLLMAN, Circuit Judge.

Robert V. Steinhilber appeals from the district court's [1] dismissal of his malicious prosecution claim and grant of summary judgment on his abuse of process claim in favor of defendants Lake Winnebago Homeowner's Association (the Association) and fourteen of the Association's individual members and/or officers. We affirm.

In 1972, the Association filed an action in state court against Steinhilber alleging that he and others had conspired to fraudulently misappropriate the Association's funds for personal use. In May 1979, Steinhilber filed an amended answer and counterclaim to the 1972 suit. His counterclaim alleged, inter alia, that the Association "misuse[d] and abuse[d] civil process for purposes other than those for which they were designed." In November 1979, the state court granted the Association's motion to strike the counterclaim. The state court dismissed the Association's 1972 action on May 20, 1985, for failure to prosecute, and that judgment became final on June 20, 1985.

On June 9, 1989, Steinhilber filed the instant diversity action alleging malicious prosecution and abuse of process arising from the 1972 action. In its July 10, 1990, order, the district court granted defendants' motion to dismiss Steinhilber's malicious prosecution claim on the ground that it was barred by the applicable statute of limitations. The court found that Steinhilber's malicious prosecution claim accrued on June 20, 1985, the date that the 1972 case terminated. On that date, actions for malicious prosecution were not specifically listed in the section of the Missouri statutes regarding limitations of actions; consequently, the five-year "catch-all" provision would have applied. The court noted, however, that Missouri's two-year statute of limitations was amended to include malicious prosecution actions effective September 28, 1985. Mo.Rev.Stat. § 516.140 (1986). The district court retroactively applied section 516.140 and dismissed Steinhilber's malicious prosecution claim as time-barred. In its September 5, 1991, order, the district court granted summary judgment in favor of defendants on Steinhil-

1. The Honorable D. Brook Bartlett, United States District Judge for the Western District of Missouri.

**604**

ber's abuse of process claim on the basis of res judicata.

 Missouri law applies in this diversity action. *See Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The district court correctly dismissed Steinhilber's malicious prosecution claim as barred by Missouri's applicable two-year statute of limitations. Mo. Rev.Stat. § 516.140 (1986). Steinhilber's argument that retroactive application of section 516.140 violated the ex post facto clause of the Missouri Constitution fails. "A person owns no vested right in a statute of limitations," and "a legislature [may] extend or reduce the period of limitation so as to regulate the time for a suit to be brought even as to an existent cause of action." *State ex rel. Research Medical Ctr. v. Peters,* 631 S.W.2d 938, 941 (Mo.Ct. App.1982). Further, a procedural statute, such as the statute of limitations at issue, operates retrospectively unless a contrary legislative intent appears from the terms of the enactment, *see id.,* and the Missouri legislature expressed no such contrary intent as to section 516.140. We note that Steinhilber had well over a year to pursue his action after the 1985 change in the statute of limitations.

 Although the district court held that Steinhilber's abuse of process claim was barred by res judicata, we conclude that the claim was barred by Missouri's five-year statute of limitations. Mo.Rev.Stat. § 516.120 (1986). The statute of limitations on an abuse of process claim "begins to run from the termination of the acts which constitute the abuse complained of, and not from the completion of the action in which the process issued." *Corley v. Jacobs,* 820 S.W.2d 668, 672 (Mo.Ct.App. 1991). In *Corley,* the Missouri Court of Appeals computed the statute of limitations from the date of the filing of "the legal proceedings which Corley alleg[ed] in her petition were wrongfully initiated." *Id.* at 673. Steinhilber alleged that the Association commenced an action against him without cause and continued the action in order to destroy his reputation, force his company into bankruptcy, and purchase his com-

pany's unsold real estate from the bankruptcy trustee at distressed prices. He does not identify any specific acts by the Association which constituted abuse following the filing of the action on February 22, 1972. Strictly applying *Corley,* the limitations period for Steinhilber's abuse of process claim expired in February 1977. Assuming that the Association continued to make tortious use of the 1972 civil proceeding during its pendency, Steinhilber's complaint discloses that the final bankruptcy hearing regarding the purchase of the unsold real estate was held June 1 through June 4, 1984. If the Association was guilty of using the civil process for the purpose Steinhilber alleged, all acts calculated toward that end must have occurred prior to the final bankruptcy hearing, with the result that the five-year limitations period expired before Steinhilber filed his action on June 9, 1989. In either case Steinhilber's claim is time-barred.

The judgment is affirmed.