**K.M. SKALECKI, et al., Plaintiffs–Respondents,**

**v.**

**Mark H. SMALL, et al., Defendants–Appellants.**

**Nos. 17866, 17885.**

Missouri Court of Appeals,
Southern District,
Division Two.

July 14, 1992.

James P. Tierney, Cynthia W. Scherb, Kansas City, for defendants-appellants.

Ronald K. Carpenter, Philip J. Morgan, Phillips, McElyea, Walker & Carpenter, P.C., Camdenton, for plaintiffs-respondents.

FLANIGAN, Chief Judge.

Defendants Mark H. Small, Kathleen O'Sullivan, and Sylvia M. Wiedeman appeal from a default judgment entered on March 12, 1991, in the Circuit Court of Camden County. The judgment purports to quiet the title to a certain lot in Camden County. The three named defendants and their deceased sister were the grantees in a deed, executed on March 20, 1971, by which they obtained record title to the lot from their

parents. The defendants filed a motion to set aside the default judgment. They also appeal from the order denying their motion.

The judgment was entered following an unsuccessful attempt to serve the three named defendants in Johnson County, Kansas, and following service by publication purportedly pursuant to Rule 54.17.[1] Defendants contend that the default judgment is void because the service by publication was defective. For the reasons which follow, this court agrees.

On November 16, 1990, plaintiffs K.M. Skalecki and Thomas Dempsey instituted this action in the Circuit Court of Camden County against defendants Mark H. Small, Jr., Kathleen O'Sullivan, Sylvia Wiedeman, Mary Ellen McGilley, and additional and unknown defendants, seeking to quiet title to the lot. Also on November 16, 1990, a "Summons for Personal Service Outside the State of Missouri," directed to defendant Small and containing the address 4600 West 65th Street, Shawnee Mission, Kansas, 66208, was issued. On November 20, 1990, summonses containing the same address were issued to the other three named defendants.

On December 10, 1990, each of the four summonses was returned by the Sheriff of Johnson County, Kansas, certifying that the respective defendant was not found in Johnson County and that he had not served the summons at the stated address. On January 7, 1991, an order of publication of notice was issued by the Clerk of the Circuit Court of Camden County, and the notice was published on four consecutive weeks, the first publication taking place on January 11, 1991.

The petition alleged that the four named defendants were grantees in the 1971 deed and also in prior deeds covering the land. It alleged that plaintiffs' title was derived by adverse possession pursuant to § 516.-070, "the 31–year statute," and § 516.010, "the 10–year statute." The petition made no mention of the address of any of the

named defendants. There was no statement that the address of any of the named defendants was unknown. The Shawnee Mission address was not mentioned anywhere in the petition. The petition made no statement concerning whether any of the named defendants was a resident or nonresident of Missouri.

At the bottom of the petition was the affidavit of plaintiffs' attorney, Ronald K. Carpenter, who swore that the facts stated in the petition were true according to his best information, knowledge and belief.

The published notice informed the defendants that they were required to "plead, appear and defend against" the petition within 45 days after January 11, 1991, or judgment by default would be rendered against them.

On March 12, 1991, the court appointed an attorney to represent the unknown defendants and to represent defendants, if any, who might be in military service and to be guardian ad litem for minors and those who might be under disability. On the same day the guardian ad litem filed an answer for those unknown defendants. The answer stated that the guardian had no information concerning "the matters herein except as set out in the petition" and asked the court to require strict proof of the plaintiffs.

Also on March 12, 1991, the judgment was entered which recited the appearances of the plaintiffs in person and by their attorney and the default of the named defendants. No evidence was introduced at that hearing.

On March 18, 1991, Attorney Carpenter wrote a letter to defendant Kathleen O'Sullivan at the following address: 437 East 64th Terrace, Kansas City, MO 64131. Mrs. O'Sullivan received the letter. The letter enclosed a copy of the judgment of March 12, 1991. The letter stated that Carpenter represented the plaintiffs, that O'Sullivan's address had been provided to Carpenter by a neighbor, and that Carpen-

1. All references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1986, V.A.M.S.

ter's clients, the plaintiffs, had purchased the lot at a tax sale on August 22, 1988, and were the owners. The letter further stated:

This is the same property that you, Mr. Mark H. Small, Jr., Mrs. Sylvia M. Wiedeman and Mrs. Mary Ellen McGilley, owned prior to this tax sale.... My clients have taken possession of the property, however, we realize that you have furniture and perhaps some other personal belongings located within the house and that you would probably like to retrieve them.[2] If you would contact the undersigned, I would be happy to make arrangements with you to allow you access into the house for the purpose of removing your personal property.

Service by publication may be accomplished pursuant to Rule 54.17 or its statutory counterpart, § 506.160.3. *D.L.G., Sr. v. E.L.S.*, 774 S.W.2d 477, 482, n. 2 (Mo. banc 1989); Rule 54.18.

■ "Statutes providing for service of process by publication are strictly construed, and when reliance is placed upon a judgment obtained upon constructive notice it must appear that such notice was given in strict compliance with the statutory provision." *Driscoll v. Konze*, 296 S.W.2d 31, 33 (Mo.1956). Similarly, for service based on Rule 54.17, strict compliance with the rule is required. *In re Marriage of Breen*, 560 S.W.2d 358, 364 (Mo.App.1977). Defective or improper service by publication is the equivalent of no service at all. *In Interest of K.K.M.*, 647 S.W.2d 886, 889[6] (Mo.App.1983).

Rule 54.17 reads, in pertinent part:

(a) Service by publication shall be by notice published by order of the court or clerk thereof.

(b) Such order shall issue when the party desiring service by publication files *a statement verified by him or by a person on his behalf, stating* (1) that one or more of the persons to be served are unborn or their names are unknown to the party desiring service by publication *or facts showing why service cannot be obtained under Rule 54.13, Rule 54.14 or Rule 54.16, and (2) if known, the address of the party to be served or in lieu thereof a statement that said address is unknown.* It shall be sufficient to name or describe unborn or unknown parties as the heirs, grantees or successors of the person to whom the property to be affected was last known to have been transferred. (Emphasis added.)

Rule 54.13 deals with personal service within the state, Rule 54.14 deals with personal service outside the state, and Rule 54.16 deals with service by mail.

"A party requesting service by publication upon a *known* party shall file an affidavit stating that service upon the person or by mail cannot be obtained and that the address of the person to be served is unknown. *Burchett v. Burchett*, 572 S.W.2d 494, 502 (Mo.App.1978); Rule 54.17." (Emphasis in original.) *Orange v. Harrington*, 649 S.W.2d 930, 933 (Mo.App.1983). To similar effect see *Metmor Financial, Inc., v. Leggett*, 787 S.W.2d 733, 736 (Mo.App. 1989).

Rule 54.17(b) requires "the filing of a verified statement setting forth facts showing why personal service or service by mail cannot be obtained." *In Interest of L.G.*, 764 S.W.2d 89, 91 (Mo. banc 1989).

■ If the verified statement required by Rule 54.17(b) is defective, and there is no valid service of process otherwise, the order of publication is void and the judgment is a nullity for want of jurisdiction. *G.M.D. v. M.D.*, 610 S.W.2d 305, 308[5] (Mo.App.1980); *Sigwerth v. Sigwerth*, 299 S.W.2d 581, 584 (Mo.App.1957); *Orrick v. Orrick*, 241 Mo.App. 143, 233 S.W.2d 826, 828 (1950). If the judgment is void, for want of jurisdiction, it is immaterial wheth-

---

**2.** The petition alleged that "none of the defendants, nor any person under whom they claim ... have been in possession of said real estate or paid any taxes thereon for more than thirty-one years consecutively next before the filing of this petition."

In this court, the brief of plaintiffs-respondents states: "Respondents concede that the original petition was incorrect in the justification for quieting title. Respondents hold title pursuant to the Camden County Collector's Deed."

er appellants have a meritorious defense. *Metmor Financial, Inc. v. Leggett, supra,* at 737[5]. A default judgment entered without proper notice to the defendant cannot stand, even where defendant concedes that he did not have a meritorious defense. *Id.,* citing *Peralta v. Heights Medical Center, Inc.,* 485 U.S. 80, 83–87, 108 S.Ct. 896, 898–900, 99 L.Ed.2d 75 (1988).

■ With regard to the three appealing defendants, each a *known* party, the petition (1) did not comply with Rule 54.17(b)(1) because it did not state *facts* showing why service could not be obtained by personal service or by mail with regard to those defendants; (2) did not comply with Rule 54.17(b)(2) because it did not state the address of the party to be served, nor did it state that said address is unknown.

Section 506.160 deals both with service by mail and service by publication. Section 506.160.3 reads, in pertinent part:

If the plaintiff or other person for plaintiff shall allege in his verified petition, or at the time of filing same, or at any time thereafter, shall file an *affidavit stating that part or all of the defendants are nonresidents of the state,* or is a corporation of another state, kingdom or country, *and cannot be personally served in this state in the manner prescribed by law for personal service, or have absconded or absented themselves from their usual place of abode in this state, or that they have concealed themselves so that the ordinary process of law cannot be personally served upon them,* and the affidavit or the verified petition shall state the present known address of the defendant, *if known, or in lieu thereof state that said address of the defendant is unknown,* the court or judge or clerk thereof shall issue an order of publication of notice to such defendant or defendants, notifying such defendant or defendants of the commencement of the action, ... (Emphasis added.)

In *In Interest of L.G., supra,* the court said, at 91:

Section 506.160.3 requires a plaintiff seeking service by publication to allege in his verified petition or in a duly filed affidavit that the defendant is a nonresident of the state, has absconded or absented himself from his usual place of abode or concealed himself so that the ordinary process of law cannot be personally served upon him, and that defendant cannot be served in the manner prescribed by law for personal service. The affidavit or verified petition shall also state defendant's present address, if known, or state that said address is unknown.

[A]ppellant asserts that respondent failed to set forth facts in the affidavit showing that appellant was a nonresident, had absconded or absented herself from her usual place of abode or that she was concealing herself. The statute does not require the affidavit contain facts showing one of these grounds. Rather, the statute only requires a statement by the affiant that the defendant is a nonresident, has absconded or absented himself from his usual abode or is concealing himself.

With regard to each of the three appealing defendants, the petition did not allege that the defendant is a nonresident or that he (or she) has absconded or absented himself from his usual place of abode or is concealing himself so that the ordinary process of law cannot be personally served upon him. The petition did not allege the address of any of them, nor did it allege that the address of any of them is unknown. There was no valid service by publication under § 506.160.3.

There was no valid service in any manner on appellants, and the judgment of March 12, 1991, is void.

The judgment is reversed and the cause remanded.

SHRUM, P.J., and MONTGOMERY, J., concur.