Al ROBERTS, Plaintiff–Respondent,

v.

Paul O. JOHNSON, Defendant–
Appellant,

and

Southwest Village Water Company,
Defendant.

No. 18095.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 31, 1992.

Paul O. Johnson, pro se.

Gail L. Fredrick, Fredrick & Rogers, P.C., Springfield, for plaintiff-respondent.

CROW, Presiding Judge.

Paul O. Johnson appeals from an order setting aside part of a judgment. We preface our discussion of the issues with a brief history of the litigation.

On September 9, 1986, a suit was filed in the Circuit Court of Greene County styled: "Steven L. Johnson, Plaintiff, vs. J.M. Roberts and General Fidelity Investments, Inc., Defendants." It was assigned number CV186–2038CC4. We henceforth refer to the suit as "case 2038."

A summons was issued that date (September 9, 1986) in case 2038 to the named defendants, J.M. Roberts and General Fidelity Investments, Inc. A return on the summons by a Greene County deputy sheriff certifies he obtained service in person on defendant J.M. Roberts on September 23, 1986, and also obtained service that date on the corporate defendant.

Another event took place that date (September 23, 1986). Plaintiff, Steven L. Johnson, filed a motion to amend the pleadings in case 2038 by "changing the name of the Defendant J.M. Roberts to that of Defendant Al Roberts."

The same day (September 23, 1986), the trial court entered an order in case 2038 granting Plaintiff, Steven L. Johnson, "leave to amend the Petition by interlineation, changing the name of Defendant 'J.M. Roberts' to that of Defendant 'Al Roberts'."

The record supplied us contains no summons issued to Al Roberts and there is no entry on the docket sheet in case 2038 indicating a summons was issued to him.

On October 28, 1986, a judgment was entered in case 2038. It recites that Plaintiff, Steven L. Johnson, appears by his lawyer, and that Defendants, Al Roberts and General Fidelity Investments, Inc., "appear not, and are in default." The judgment awards Plaintiff, Steven L. Johnson, injunctive relief against both defendants, together with a money judgment against them for $38,805 actual damages and $10,000 punitive damages.

Although the details are sketchy, it appears the judgment in case 2038 was assigned by Steven L. Johnson to Paul O. Johnson, and later assigned by Paul O. Johnson to Southwest Village Water Company ("Southwest Village"). Thereafter, an execution on the judgment resulted in a sheriff's sale at which 325 shares of common stock of Merriam Woods Water Company, Inc., belonging to Al Roberts were purchased by Paul O. Johnson.

In 1991, Al Roberts commenced the instant case by filing a petition against Paul O. Johnson and Southwest Village. The petition averred the judgment against Al Roberts in case 2038 was void in that he was never served with process, consequently the court never acquired personal jurisdiction over him in that case.

The instant case was adjudicated by the trial court on an amended motion for summary judgment filed by Al Roberts. Attached to the motion was an affidavit by him stating he was never personally served with a summons or a copy of the petition in case 2038, and that no such papers were left at his dwelling or usual place of abode with some person of his family over the age of 15 years.

At the conclusion of the hearing on the motion for summary judgment, the trial court found: "There's no proof [Al Roberts] was ever served." The trial court entered an order declaring the judgment against Al Roberts in case 2038 "null and void." The order further declared the execution sale at which Paul O. Johnson pur-

chased the Merriam Woods Water Company, Inc., stock likewise "null and void."

Paul O. Johnson brings this appeal, pro se, from that order. The first of his three points relied on avers the trial court erred in setting aside the judgment against Al Roberts in case 2038 in that "the statutory time for doing so had expired."

In support of the point, Appellant cites § 511.250, RSMo 1986, which reads:

Judgments in any court of record shall not be set aside for irregularity, on motion, unless such motion be made within three years after the term at which such judgment was rendered.

Appellant's reliance on the statute is misplaced. Unless waived by a general appearance, or otherwise, process is necessary in order for a court to acquire jurisdiction. Due process of law requires that service of process shall always be made except when it may be, and is, waived. Only by appearance, or by service of process, can a court obtain jurisdiction to adjudicate upon the rights of a defendant in the action brought. Absent a general appearance, or waiver of process, by the defendant, there must be service of process on defendant in some mode authorized by law or the court cannot proceed. The service of such process is always a prerequisite to jurisdiction over either the person or property of a defendant. *State ex rel. Ferrocarriles Nacionales de Mexico v. Rutledge*, 331 Mo. 1015, 56 S.W.2d 28, 37 (1932); *Kerr v. Kerr*, 519 S.W.2d 303, 305[1] (Mo.App.1975).

A judgment entered against a party by a court lacking personal jurisdiction over such party is void. *Metmor Financial, Inc. v. Leggett*, 787 S.W.2d 733, 735[1] (Mo.App.1989); *Gerding v. Hawes Firearms Co.*, 698 S.W.2d 605, 607[2] (Mo.App.1985); *A.T. Knopf, Inc. v. Richardson*, 674 S.W.2d 174, 177[8] (Mo.App.1984). A void judgment is not an "irregularity" within the meaning of § 511.250 (quoted above), hence that section does not preclude a proper proceeding to declare a judgment void after the three-year period. *Berry v. Chitwood*, 362 S.W.2d 515, 517[3] (Mo.1962); *Wenzel v. Wenzel*, 283 S.W.2d 882, 885[2] (Mo.App.1955). Section 511.250 has no application where it is claimed a judgment was wholly void *ab initio*. *Wenzel*, 283 S.W.2d at 885[2]; *Smethers v. Smethers*, 263 S.W.2d 60, 62[5] (Mo.App. 1953).

The only case cited by Appellant in support of his first point, *State ex rel. Western Valve Co. v. John Gill & Sons Co.*, 220 S.W. 978 (Mo.App.1920), is inapplicable. There, the defendants were served with summons and later challenged the judgment on the ground that venue was improper. There was no contention that the judgment was void for lack of service. Appellant's first point is denied.

His remaining points read:

B. The trial court erred in concluding that personal jurisdiction was not obtained on Al Roberts because the evidence and testimony shows otherwise.

C. The trial court erred in concluding that there was no genuine issue as to any material fact regarding service of process on Al Roberts because said conclusion is not supported by the evidence in the record.

Rule 84.04(d), Missouri Rules of Civil Procedure (1992), reads, in pertinent part:

The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous. . . .

The purpose of the rule and the necessity of obeying it are extensively discussed in the leading case of *Thummel v. King*, 570 S.W.2d 679, 684–88 (Mo. banc 1978).

In claiming the trial court erred in concluding that personal jurisdiction was not obtained over Al Roberts, Appellant's point "B" does not state wherein and why "the evidence and testimony shows otherwise." In asserting the trial court erred in concluding there was no genuine issue of material fact regarding service on Al Roberts, Appellant's point "C" does not state wherein and why "said conclusion is not supported by the evidence in the record." Points B and C therefore present nothing for appellate review. *Best v. Culhane*, 677 S.W.2d 390, 394[4] (Mo.App.1984); *Burrous v. American Airlines, Inc.*, 639

S.W.2d 263, 267–68[14] (Mo.App.1982); *Tripp v. Harryman,* 613 S.W.2d 943, 950[12] (Mo.App.1981); *Carolyn v. Stahl,* 601 S.W.2d 636, 636–37[1] (Mo.App.1980).

■ Although Appellant is proceeding pro se, he is bound by the same rules as a party represented by counsel. *Williams v. Shelter Insurance Co.,* 819 S.W.2d 781, 782[2] (Mo.App.1991); *Snelling v. Jackson,* 787 S.W.2d 906, 906–07[1] (Mo.App.1990). We cannot allow a pro se litigant a lower standard of performance. *Corley v. Jacobs,* 820 S.W.2d 668, 671[1] (Mo.App.1991); *Arenson v. Arenson,* 787 S.W.2d 845, 846[1] (Mo.App.1990).

Ex gratia review for plain error per Rule 84.13(c) reveals no manifest injustice or miscarriage of justice. This is not a case where the petition and summons named a nonexistent person as defendant, yet the intended defendant was in fact served. It was shown in the trial court by affidavit of J.M. Roberts that she is the former wife of Al Roberts, and in 1987 she was president of General Fidelity Investments, Inc. Consequently, cases such as *Parry v. Woodson,* 33 Mo. 347 (1863), where the correct person was sued and served under the wrong name are inapposite.

The order appealed from is affirmed.

PARRISH, C.J., and SHRUM, J., concur.