FIRST STATE BANK OF ST. CHARLES,
A Missouri Banking Corp.,
Plaintiff/Respondent,

v.

Louis J. KIRN, Defendant/Appellant.

No. 63014.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 28, 1993.

Daniel E. Nack, St. Charles, for defendant, appellant.

Frederick W. Drakesmith, St. Charles, for plaintiff, respondent.

GRIMM, Presiding Judge.

In this court-tried case, First State Bank sued Louis J. Kirn, the endorser or guarantor of three notes. It did not sue Kirn & Sons, Inc., the maker. Three counts of the petition sought money judgments on the notes; three additional counts sought possession of the collateral securing the notes.

The trial court found "that Defendants are indebted to Plaintiff" and entered judgment for bank on all counts. (emphasis added). Endorser appeals; we affirm the judgment against Louis J. Kirn.

### I. Failure to State or Prove a Cause of Action

In his first point, endorser contends that bank "failed to state or prove a cause of action against [endorser] and the judgment entered on [the three money judgment counts was] against the weight of the evidence and the weight of the law and constituted an abuse of discretion."

Our review of this case is pursuant to Rule 73.01 and is governed by the standard of *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). Bank's vice-president was the sole witness. He identified three documents, each a combination installment note and security agreement. All were in default. Each document stated that the borrower was "Kirn & Sons, Inc."

Endorser's signature appeared twice on each document. One signature was in the borrower section. There, the document said,

"KIRN & SONS, INC. BY:," and it contained Mr. Kirn's signature on the "BY" line. The other signature was on a line indicating either "Endorser" or "Guarantor."

Bank had made demands to pay all three notes, and the notes had not been paid. Endorser did not cross-examine vice-president nor object to the introduction of any of bank's evidence.

Consequently, we find no merit in endorser's first point. First, banks's petition complies with Rule 55.05 and clearly states a cause of action against endorser. Second, bank presented sufficient evidence to prove its cause of action. At trial, vice-president: (1) identified the notes which were in default, (2) identified endorser's signatures on the notes, (3) stated that demand for payment on each note had been made, and (4) stated that payment on each note had not been received. We find no error in the judgment on counts one, three, or five, nor do we see any abuse of discretion. Point denied.

## II. Lack of Standing

For his second point, endorser contends that the trial "court lacked jurisdiction to enter any judgment on the issue of possession of the equipment listed in [the three counts seeking possession of the collateral] and the judgment for possession of the equipment entered by the court was against the weight of the evidence and law and was an abuse of discretion."

Suffice to say, endorser is not in a position to raise this point. The entire record indicates that "Kirn & Sons, Inc." owned the equipment listed in those counts. The record is void of any evidence that endorser had any ownership interest in the collateral.

Further, the record does not show that endorser was prejudiced or aggrieved by the judgment on these counts. Thus, endorser has no standing to complain on behalf of Kirn & Sons, Inc. *Cf. Sims v. Wescott,* 669 S.W.2d 56, 57 (Mo.App.E.D.1984) (" '[a]n appealing defendant cannot complain of error committed against a non-appealing co-defen-

dant unless the error is prejudicial to the rights of the appealing defendant.' ") (citation omitted). Therefore, the judgment on these counts is not subject to review. Point denied.

However, in passing, we make several observations about the trial court's judgment. In its opening paragraph, the judgment says, "Comes now Plaintiff, by its authorized representative, and by its attorney, and Defendants, *both individually and in its corporate capacity, and by its attorney.*" (emphasis added). However, the only named defendant was Louis J. Kirn; the corporation was not a defendant.

Further, although the record before us contains a summons served on Louis J. Kirn, it does not contain a summons issued to the apparent owner of the collateral, Kirn & Sons, Inc. Unless waived, service of process is always a prerequisite to jurisdiction over either the person or property of a defendant. *Roberts v. Johnson,* 836 S.W.2d 522, 524 (Mo.App.S.D.1992). A judgment entered against a party by a court lacking jurisdiction over that person or property is void. *Id.* Thus, based on the record before us, it appears the trial court lacked jurisdiction to transfer the corporation's collateral to bank.

The judgment of the trial court against Louis J. Kirn is affirmed.*

CARL R. GAERTNER and AHRENS, JJ., concur.