

# Missouri Court of Appeals

## Southern District

In Division

JERRY KEITH BAKER,                          )
individually and as successor co-trustee,   )
                                            )
        Appellants,                         )          No. SD38065
                                            )
v.                                          )          **Filed:  June 6, 2024**
                                            )
MICHAEL DENNIS BAKER,                       )
individually and as successor co-trustee,   )
                                            )
And                                         )
                                            )
DEVIN BAKER,                                )
                                            )
        Respondents.                        )

APPEAL FROM THE CIRCUIT COURT OF TEXAS COUNTY

Honorable John D. Beger, Judge

**<u>AFFIRMED</u>**

Jerry Keith Baker ("Keith"),[1] individually and as successor co-trustee,

appeals the trial court's judgment in two points.  He argues the trial court (1)

abused its discretion in applying section 491.010 by excluding evidence of

statements made by Jerry D. Baker ("Jerry") about the amount of cash in his safe,

---

[1] For ease of reference, the parties and witnesses are referred to by their preferred names, as utilized at trial.  We intend no excessive familiarity or disrespect.

and (2) abused its discretion in dismissing Yvonne Suzette Peters ("Suzette") because she was a necessary party to the case (as a beneficiary of the trust), and the trial court's dismissal was a violation of Suzette's due process rights because she was denied notice and the opportunity to be heard.[2] Finding no merit to either of Keith's points, we deny the same and affirm the trial court's judgment.

## Facts and Procedural History

We recite the facts of this matter in accord with the principle that we view the evidence and its reasonable inferences in the light most favorable to the jury verdict below. *Anslinger v. Christian Hosp. Ne.-Nw.*, 687 S.W.3d 180, 185 (Mo. App. E.D. 2024).

Jerry and Ruth E. Baker ("Ruth") were the parents of Keith, Michael Dennis Baker ("Mike"), and Suzette. Jerry and Ruth were also the grandparents of Devin Baker ("Devin").

In 1997, Jerry and Ruth executed the Jerry D. Baker and Ruth E. Baker Trust Dated November 12, 1997 ("the Trust"), and also executed a bill of sale transferring all of their personal property to the Trust. The Trust appointed Keith and Mike as Successor Co-Trustees after the deaths of Jerry and Ruth, and provided that Keith, Mike, and Suzette were all equal beneficiaries upon their parents' deaths. Ruth died in 2002, and Jerry in 2016.

Jerry kept a safe in his home to store cash and other paperwork. Upon Jerry's death, Keith, Mike, and Suzette had expected the safe to contain

---

[2] All statutory references are to RSMo (2016). All rule references are to Missouri Court Rules (2023).

approximately $30,000 in cash.  However, when Keith and Mike later opened the safe together, they found only $8,150.  Keith filed suit against Mike, Suzette, and Devin on the basis that they had allegedly stolen a significant amount of cash from Jerry's safe.

Upon motion of the other defendants, on September 7, 2022, the trial court "realigned" Suzette's posture from defendant to plaintiff.  Thereafter, on February 21, 2023, the trial court *sua sponte* dismissed Suzette as a party.

Before trial, defendants filed a Motion in Limine to exclude testimony regarding Jerry's statements regarding the amount of money in his safe.  After hearing argument, the trial court granted the motion pursuant to section 491.010.

On March 13, 2023, a two-day jury trial commenced.  Keith, Mike, and Suzette all testified as to their prior understanding that there had been approximately $30,000 in Jerry's safe at the time of his death.  After the close of evidence, the jury returned a verdict in favor of defendants.  This appeal followed.

In two points relied on, Keith argues:[3]

> 1.     The trial court erred in excluding evidence of statements made by [Jerry] about the amount of cash in his safe (as well as any evidence derived from such statements) because the trial court abused its discretion in applying R.S.Mo. § 491.010, in that the trial court treated the statute as a basis for excluding hearsay (instead of as a basis for the admission of statements that are otherwise excludable) even though the predicate factors for the admission of [Jerry's] statements had been established.
>
> 2.     The trial court erred in dismissing [Suzette] as a party because the trial court abused its discretion in that [Suzette] was a necessary party to the case and it was a violation of due process

---

[3] Keith's points relied on are written with capitalization of every word.  When quoting such, this Opinion reverts to conventional capitalization for ease of readability.

3

when she was dismissed as a party without notice or an opportunity to be heard.

## Standard of Review

"[W]e view the evidence in the light most favorable to the jury's verdict, giving the prevailing party all reasonable inferences and disregarding all conflicting evidence and inferences." *Morelock v. Highland Springs Cmty. Ass'n, Inc.*, 679 S.W.3d 115, 121 (Mo. App. S.D. 2023). A reviewing court "will affirm on any basis supported by the record," and "[i]t is an appellant's burden (as the moving party) to overcome our presumption that the judgment of the trial court is correct." *TracFone Wireless, Inc. v. City of Springfield*, 557 S.W.3d 439, 444-45 (Mo. App. S.D. 2018).

## Point 1: The Trial Court's Application of Section 491.010

Keith's first point alleges the trial court "erred in excluding evidence of statements made by Jerry about the amount of cash in his safe (as well as any evidence derived from such statements)[.]" Specifically, he claims the trial court abused its discretion in applying section 491.010 by errantly treating it as "a basis for excluding hearsay," rather than a basis for the admission of otherwise "excludable" evidence where, as here, the foundation for the admission of Jerry's statements was established.

Alleged "error in the exclusion of evidence is harmless if the same facts have been shown by other evidence[.]" *Ratcliff v. Sprint Missouri, Inc.*, 261 S.W.3d 534, 550 (Mo. App. W.D. 2008); *see Penzel Constr. Co., Inc. v. Jackson R-2 Sch. Dist.*, 635 S.W.3d 109, 142-43 (Mo. App. E.D. 2021) ("A

4

complaining party is not entitled to assert prejudice if the [excluded] evidence is cumulative to other related admitted evidence.") (Internal quotations and citations omitted).

Here, there was other evidence admitted regarding the amount of money in Jerry's safe. As relevant here, Mike, Keith, and Suzette all testified before the jury as to their prior understanding that there had been approximately $30,000 in Jerry's safe at the time of his death.

Moreover, Keith's attorney made closing arguments explicitly relying on that evidence:

> All three kids agree . . . and you heard their testimony. All three kids agree that there was at least $30,000 in the safe. . . .
>
> So we've got a case of missing, give or take, $21,850 missing.
>
> You should trust Mike when he said there was $30,000 in the safe. You should believe Keith when he agreed -- I mean, you heard the conversation of all three of them. You should believe Suzette. That's how much money was there. There's $21,850 missing and everybody was entitled to a third of that.

No prejudice inures where, as here, the excluded evidence is cumulative to other evidence admitted at trial. *See **Ratcliff***, 261 S.W.3d at 550; ***Penzel***, 63 S.W.3d at 142-43. Accordingly, point 1 is denied.

**Point 2: The Trial Court's Dismissal of Yvonne Suzette Peters**

In his second point, Keith argues the trial court abused its discretion in dismissing Suzette as a party because: (1) she was a necessary party to the case (as a beneficiary of the trust), and (2) the trial court's dismissal was a violation of

5

Suzette's due process rights because she was denied notice and the opportunity to be heard.

Keith's first point 2 argument is the trial court abused its discretion in *sua sponte* dismissing Suzette because she was a necessary party. As applicable here, the primary thrust of Keith's argument in this vein is as follows:

> Respondents pounced on the fact that Suzette was not a party to attack Keith's case in their closing argument:
>
>> Keith also testified yesterday that they – just doing this kind of for his sister, again, implying out of principle, out of goodness of his heart, and then he comes in here and asks you for money. And you're gonna see on those verdicts, each one of those verdict forms, you can look at that it's -- return a verdict for Keith Baker or on behalf of Michael Baker -- return a verdict for Keith Baker or return it on behalf of -- of Devin Baker. Suzette is nowhere in this verdict form. The money isn't going to Suzette. The money is going to Keith. He said, not only do I want money, but I want you to punish my nephew or my brother or both in addition to that. . . . But it's not for Suzette. It's for Keith.
>
> Of course, the truth is that Keith had nothing to do with Suzette not being a party to the case. Keith never sought to prevent Suzette from participating in the case or receiving her equitable share of any damages that would be awarded. Regardless, the [c]ourt's abrupt dismissal of Suzette shortly before trial made it possible for Respondents to vilify Keith as a selfish man who was prosecuting this case for himself, leaving his sister inexplicably out in the cold.

(Internal quotations and citations omitted).

Notably, Keith fails to direct us to the portion of the record wherein he timely objected to (or moved to strike) this portion of defense counsel's closing argument. Indeed, the record reflects that no such timely objection (or motion to

6

strike) was lodged with the trial court.  *See **Wodohodsky v. Hall***, 573 S.W.3d 645, 652 & n.11 (Mo. App. S.D. 2019).

The formulation of Keith's challenge in substance reflects an attempt to shoehorn an unmade (and unpreserved) challenge to defense counsel's closing argument into a challenge to the trial court's *sua sponte* dismissal of a necessary party.  This is perhaps owing to Keith's realization that the precise argument now raised on appeal was not lodged with the trial court at the time of defense counsel's now challenged closing argument, and that such challenge is therefore unpreserved for our review.

Suffice to say, "[a]ttempts at 'shoehorning' one claim into another have not met with favor in our appellate courts."  ***Proby v. State***, 582 S.W.3d 170, 176 n.11 (Mo. App. S.D. 2019).[4]  "An appellant cannot back-door an [unpreserved] issue . . . under the guise of [another claim]."  ***In re Muston***, 350 S.W.3d 493, 497 (Mo. App. S.D. 2011) (internal quotations and citation omitted).  Keith's attempt to lodge a challenge to defense counsel's closing argument in the guise of a challenge to the trial court's *sua sponte* dismissal of Suzette as a party is unavailing.  Keith's opportunity to challenge defense counsel's closing argument was at trial, not now for the first time on appeal.

---

[4] *See*, *e.g.*, ***Proffer v. Federal Mogul Corp.***, 341 S.W.3d 184, 187 (Mo. App. S.D. 2011); ***Matter of Care and Treatment of Lester Bradley v. State***, 554 S.W.3d 440, 455 (Mo. App. W.D. 2018); ***Esparza v. State***, 518 S.W.3d 269, 272 (Mo. App. W.D. 2017); ***Turner v. State***, 341 S.W.3d 750, 754 (Mo. App. S.D. 2011); ***Woodworth v. State***, 408 S.W.3d 143, 150 (Mo. App. W.D. 2010); ***State v. Mitchell***, 41 S.W.3d 574, 579 (Mo. App. S.D. 2001).

Keith also argues the trial court violated Suzette's due process rights, in that it dismissed her as a party "without notice or an opportunity to be heard." As applicable here, Suzette's due process rights in the proceedings below (and any claims arising therefrom) belong to Suzette, not Keith. "A party cannot assert trial court error for actions by which it was not aggrieved." *Howe v. Heartland Midwest, LLC*, 604 S.W.3d 774, 782 (Mo. App. W.D. 2020); *see, e.g.*, *First State Bank of St. Charles v. Kirn*, 867 S.W.2d 695, 696 (Mo. App. E.D. 1993) ("[A]n appealing defendant cannot complain of error committed against a non-appealing co-defendant unless the error is prejudicial to the rights of the appealing defendant.") (Internal quotations and citations omitted).

Keith lacks standing to bring a due process challenge on behalf of Suzette in this appeal, and his arguments underlying that claim are accordingly unavailing. *See Fowler v. Missouri Sheriffs' Ret. Sys.*, 623 S.W.3d 578, 581-82 (Mo. banc 2021). For all of these reasons, Keith's second point is denied.

## Conclusion

The judgment of the trial court is affirmed.

MARY W. SHEFFIELD, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

DON E. BURRELL, J. – CONCURS